IN THE MATTER OF THE CUSTODY OF TRACY MARLENE GRIFFIN

No. 6911DC462

(Filed 22 October 1969)

1. Infants § 9;    Habeas Corpus § 3;    Evidence § 28.5—    child custody proceeding — use of affidavits — competency

In a habeas corpus proceeding instituted by the mother of a minor child against the paternal grandparents to determine the custody of the child,

the court erred in admitting in evidence, over the mother's timely objection, twenty-one affidavits offered by the grandparents which related to the mother's bad reputation and misconduct, the affidavits depriving the mother of her right to cross-examination.

**2. Infants § 9;   Habeas Corpus § 3——  custody of child — award to grandparents — use of affidavits**

In a hearing upon petition of the mother, the surviving spouse, to determine the custody of her minor child, order of the court awarding custody to the child's paternal grandparents is erroneous, where the sole basis for the court's finding of fact as to the unfitness of the mother was contained in affidavits admitted in evidence over the mother's timely objection.

**3. Evidence § 28.5——  affidavits — inherent weakness as proof — cross-examination**

Although made under oath, an affidavit is inherently weak as a method of proof, the main reason being that the affiant's statements cannot be subjected to that searching light of cross-examination which provides the best instrumentality yet devised for assessing the true value of testimony.

**4. Evidence § 28.5——  affidavits — proper uses**

Despite the inherent weakness of affidavits, their use has been considered proper in certain limited situations in which the weakness of this method of proof is deemed substantially outweighed by the necessity for expeditious procedure.

**5. Infants § 9;   Habeas Corpus § 3——  child custody proceeding — temporary custody — use of affidavits**

If the circumstances of a particular case require, the court may enter an order for temporary custody of a child, even pending service of process or notice, G.S. 50-13.5(d)(1), and the use of affidavits as a basis for finding necessary facts for such purpose may be appropriate.

**6. Habeas Corpus § 3——  custody of child — change of circumstances**

While the order awarding child custody is not final and may be subsequently modified, this may be done only upon a showing of changed circumstances. G.S. 50-13.7(a).

**7. Parent and Child § 6——  custody of minor child — right of surviving spouse**

Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children; and although this right is not absolute, it will be interfered with or denied only for the most compelling reasons.

APPEAL by petitioner, Cathy M. Griffin, from *Godwin, District Judge,* 7 July 1969 Session of LEE District Court.

This is a proceeding by writ of habeas corpus to determine custody of an infant child, brought by the mother against the paternal grandparents of the child. The father is deceased. The only witnesses

who appeared and testified in person at the hearing were the petitioning mother and the two respondents. Over petitioner's objection the court admitted in evidence 21 affidavits offered by respondents. A number of these affidavits contained allegations in almost identical language to the effect that affiant knew the petitioner's reputation and "that her reputation is bad and specifically her reputation is bad for looking after and caring for her minor child; that she has never properly looked after and cared for said child"; and that in the opinion of affiant she should not have custody of her child. Other affidavits contained statements as to misconduct of petitioner with a married man. Upon consideration of all the evidence the court entered judgment making findings of fact substantially as follows:

Petitioner was married to John W. Griffin, Jr., and had one child, Tracy Marlene Griffin, born of this marriage on 21 November 1968. Petitioner and her husband separated on 1 March 1969, and on 5 March 1969 entered into a written separation agreement under the terms of which exclusive custody and control of the child was vested in John W. Griffin, Jr., the petitioner to have the right of visitation provided the same did not interfere with the child's health, education and welfare. The father, John W. Griffin, Jr., was killed in an automobile accident on 31 May 1969. Since 1 March 1969 the child has resided in the home of the respondents, who are her paternal grandparents, except for a period of approximately one day following the death of the father. Findings of fact numbers five, six and ten are as follows:

"5. That prior to March 1, 1969, petitioner was going with R. J. Holder, a married man.

"6. That petitioner is a woman of bad character and reputation in the community and is not a fit and proper person to have the care, custody and control of her minor child.

\*     \*     \*     \*     \*

"10. That the best interest of said Tracy Marlene Griffin will be served by denying the petition of the said Cathy M. Griffin, the petitioner, and awarding her custody, tuition, care and control to respondents with reasonable visitation rights assured to petitioner."

On these findings of fact, the court entered an order denying the petition of the mother and awarding custody of the infant child to the respondents, with limited visitation rights granted the mother. From this order, the mother-petitioner appealed.

*Hoyle & Hoyle, by J. W. Hoyle, for petitioner appellant.*

*Pittman, Staton & Betts, by William W. Staton, and Ronald T. Penny, for respondent appellees.*

PARKER, J.

**[1, 2]** Appellant assigns as error the admission in evidence over her objection of 21 affidavits against her and the making of findings of fact on the sole basis of these affidavits. In particular she challenges findings of fact numbers five, six and ten as being unsupported by any evidence other than the affidavits and therefore as being unsupported by any competent evidence. The record on appeal discloses that at the hearing the appellant made timely objection when the affidavits were offered by the respondents, objecting both to the entire group of affidavits and to each of them singly. The record further discloses that she demanded the right to be allowed to cross-examine the affiants. Thus, this appeal presents squarely for decision the question whether in a child custody hearing affidavits may properly be received in evidence over timely objection of an interested party.

**[3]** Although made under oath, an affidavit is inherently weak as a method of proof. It is prepared without notice and under circumstances which afford ample opportunity to lead the witness; it normally includes only matters deemed helpful by the party who prepares it, omitting all matters deemed detrimental; it may be entirely true as far as it goes, and yet constitute the misrepresentation of a half-truth because of matters omitted. The source and extent of the affiant's knowledge of the facts concerning which he swears are seldom adequately disclosed; any weakness in his memory or hesitancy to testify are not revealed; his motives and bias are not uncovered; his demeanor while testifying cannot be known. Most important of all, the affiant's statements cannot be subjected to that searching light of cross-examination which provides the best instrumentality our experience has yet devised for assessing the true value of testimony. "Affidavits on the same side are sometimes as uniform in appearance as eggs in the shell; but, if one of them be prodded with the point of a cross-question or two, the yoke is at once exposed." Lumpkin, J., in *Robertson v. Heath,* 132 Ga. 310, 64 S.E. 73.

**[4-6]** Despite their inherent weakness, use of affidavits has been considered proper in certain limited situations in which the weakness of this method of proof is deemed substantially outweighed by the necessity for expeditious procedure. 6 Wigmore, Evidence 3rd, §§

1709, 1710. For example, in determining preliminary or interlocutory motions, in ruling on applications for alimony *pendente lite*, and in finding facts as a basis for issuing temporary restraining orders, use of affidavits has been considered proper. In all of these situations there is a compelling need for expeditious procedure. In most of them in the normal course of the litigation opportunity is subsequently afforded the opposing party to refute the affidavits or to cross-examine the affiants. However, we perceive in the normal circumstances which attend child custody proceedings no such compelling necessity for speedy action as warrants action based upon inferior evidence. If the circumstances of a particular case require, the court may enter an order for temporary custody, even pending service of process or notice, G.S. 50-13.5(d)(1), and use of affidavits as a basis for finding necessary facts for such purpose may be appropriate. Awarding custody on a permanent basis is quite another matter. Such a determination always involves the welfare and future development of the child; it frequently involves the lives and happiness of other persons as well. While the order awarding custody is not final and may be subsequently modified, this may be done only upon a showing of changed circumstances. G.S. 50-13.7(a); *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332. Therefore, in the first instance the order should be entered only after the most careful consideration and only after the court has had the benefit of more reliable evidence than is usually afforded by affidavits. The question to be determined in child custody hearings is certainly as important as any presented in the usual contract or tort litigation. Affidavits are not, as a rule, admissible in the trial of contract and tort cases as independent evidence to establish facts material to the issues being tried, 3 Am. Jur. 2d, Affidavits, § 29, p. 404, and we see no more justification for resort to inferior evidence in child custody proceedings than in such other litigations.

[1, 2, 7]    In the present case the appellant is the mother of the infant child whose custody she seeks. The father is dead. "Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it." *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E. 2d 759, 761. In the present case the trial judge has denied the mother's petition and awarded custody of her infant daughter to the paternal grandparents. The crucial finding of fact made by the court to support its decision is that the mother is unfit. The sole support for

this finding in the record is contained in the affidavits. In admitting these affidavits in evidence over appellant's objection and in making its crucial finding of fact on the basis of these affidavits, there was error.

We are advertent to the past practice in North Carolina of hearing child custody matters upon affidavit. However, we find no decision of our Supreme Court which sanctions this practice where, as here, timely objection has been made and the objecting party will be deprived of his right of cross-examination. *In Re Hughes,* 254 N.C. 434, 119 S.E. 2d 189, held that a party to a child custody proceeding must object when affidavits are offered or ask permission to cross-examine, else his silence gives consent. By implication, if timely objection is made, affidavits should not be received, at least not without affording an opportunity for cross-examination. *Gustafson v. Gustafson,* 272 N.C. 452, 158 S.E. 2d 619, was an action for alimony without divorce under G.S. 50-16 as it existed prior to its repeal in 1967. Child custody was involved and the court approved the use of *ex parte* affidavits, but stressed that in that case "(t)he ultimate right of cross-examination will be afforded the parties at the trial of the cause . . ." While not directly concerned with the question presented by the case now before us, our Supreme Court has held in a number of cases that time-tested methods for assuring an adequate and fair hearing must be applied in child custody proceedings. See, for example, *Raper v. Berrier,* 246 N.C. 193, 97 S.E. 2d 782; *In Re Gibbons,* 245 N.C. 24, 95 S.E. 2d 85; and *In Re Custody of Gupton,* 238 N.C. 303, 77 S.E. 2d 716. Courts of other states have passed upon the exact question with which we are here concerned and have held affidavits inadmissible in child custody hearings if timely objection is made. *Pavaroff v. Pavaroff* (Cal. App.) 130 P. 2d 212; *Camp v. Camp,* 213 Ga. 65, 97 S.E. 2d 125; *Cornelison v. Cornelison,* 53 Ida. 266, 23 P. 2d 252; *Hays v. Hays,* 219 Ky. 284, 292 S.W. 773; *cf.,* cases cited in Annotation, 35 A.L.R. 2d 629. We find the reasoning of those decisions persuasive.

For error in admitting the affidavits in evidence over the petitioner's objection, the case is remanded to the District Court of Lee County for rehearing.

Error and remanded.

CAMPBELL and GRAHAM, JJ., concur.