IN RE: FORECLOSURE OF PROPERTY OF JERRY LEE HILL AND WIFE, GLENDA FAYE P. HILL

No. 7722SC557

(Filed 20 June 1978)

1. **Mortgages and Deeds of Trust § 7— valid underlying debt—prior indemnity agreement**

   In an action to foreclose a deed of trust, testimony by one respondent relating to the execution of a 1969 indemnity agreement was not admissible to show that no valid debt was held by the party seeking to foreclose where the debt secured by the deed of trust being foreclosed was created by a subsequent agreement entered in 1971. G.S. 45-21.16(d).

2. **Mortgages and Deeds of Trust § 10— forged signature on debt—no conditional delivery**

   In this action to foreclose a deed of trust, testimony by respondents' witness that her purported signatures on the agreement creating the secured debt and on another deed of trust securing the debt were not in fact her signatures would have been relevant only to show the failure of a condition precedent to effective delivery of the agreement and was properly excluded where respondents offered no competent evidence to show a conditional delivery.

3. **Evidence § 28.1— affidavit—verified pleadings in another action—incompetency**

   The pleadings in a separate action, which were verified by one respondent, constituted nothing more than an affidavit in the present action and were not admissible as independent evidence to establish facts material to the issues being tried.

APPEAL by respondents from *Long, Judge.* Judgment entered 21 February 1977 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 April 1978.

The circumstances giving rise to this appeal can be summarized as follows: On 5 May 1969 a general agreement of indemnity for contractors was executed in favor of the Safeco Insurance Group and its subsidiaries (hereinafter for purposes of convenience referred to as Safeco) by which Wake Electric Construction Co., Inc. (Wake), respondents Jerry Lee Hill and wife Glenda Faye P. Hill, and John C. Hayworth and wife Jane W. Hayworth agreed to indemnify Safeco for any losses it might suffer in connection with performance and payment bonds to be issued to Wake by Safeco. Thereafter, as a result of certain defaults by Wake, Safeco was called upon to make payments under its bonds, thereby sustaining a net loss, as of 31 December 1971, of over $106,000.00.

During negotiations between Safeco, Wake, respondents, and the Hayworths, First Citizens Bank and Trust Co. (Bank) notified Wake of its intention to declare certain promissory notes of Wake in default, and to call upon respondents and the Hayworths, as endorsers of the notes, for payment. Thereafter, respondents executed another note to Bank, secured by a deed of trust upon real estate located in Randolph County, as a result of which Safeco filed a petition in federal court seeking to declare respondents bankrupt.

After further negotiations between Bank, Safeco, Wake, respondents and the Hayworths, an agreement was executed on 31 December 1971 in an attempt to bring about a settlement. This agreement provided for monthly payments by Wake to Bank which would be pro-rated and applied to the separate indebtedness of Wake to Bank and Safeco. Respondents and the Hayworths were, under the terms of the agreement, to remain secondarily, jointly and severally liable for the obligations as set out therein, and were further required to execute to Safeco deeds of trust upon any real estate in which they held a beneficial interest.

Payments under the 31 December 1971 agreement were in default from and after February 1975. The instant action was commenced by petition seeking the foreclosure of property owned

by respondents and situated in Davidson County. The case was transferred to superior court for trial by order of the Clerk of Superior Court, pursuant to G.S. 1-273.

The case was heard by the trial court, sitting without a jury. After the parties had presented evidence, the court made findings of fact, and ordered that the trustee, Perry C. Henson, petitioner herein, might proceed to foreclose upon the property covered by the deed of trust.

Respondents have appealed from the order authorizing the sale of their property. The record reveals that the sale was carried out; however, it appears from petitioner's brief that confirmation of the sale has been withheld by the Clerk of Superior Court due to the pendency of this appeal.

*Henson & Donahue, by Perry C. Henson and Daniel W. Donahue, for petitioner.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah and Bruce H. Connors, for respondents.*

BROCK, Chief Judge.

At the outset, petitioner contends that inasmuch as respondents failed to except to the trial court's findings of fact or conclusions of law, the scope of review on appeal is limited to the question of whether the judgment of the court is supported by the findings and conclusions. Respondents' assignments of error and exceptions relate to the exclusion of evidence by the trial court which respondents contend was relevant to two of the findings which the court was required by G.S. 45-21.16(d) to make, namely, the existence of a valid debt held by Safeco and Bank, and the right of the trustee to foreclose under the deed of trust. Respondents made known to the trial court the grounds for their attempts to introduce the excluded evidence. Under these circumstances respondents were not required to take exception to the findings of fact in order to insure appellate review of the trial court's exclusion of the evidence which they sought to introduce. *See* G.S. 1A-1, Rule 52(c); *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976); 9 Wright and Miller, Federal Practice and Procedure § 2581 (1971).

[1]  Respondents first assign error to the exclusion of testimony of respondent Jerry Lee Hill relating to the execution of the 1969 indemnity agreement. Respondents contend that the testimony was relevant and admissible to show the invalidity of the indemnity agreement. This assignment of error is without merit.

Respondents correctly point out that the court must find the existence of, *inter alia*, a valid debt held by the party seeking to foreclose, before authorizing the trustee to exercise a power of sale under a deed of trust. G.S. 45-21.16(d). The debt secured by the deed of trust which is the subject of this action was created by the 1971 agreement. The trial court properly excluded the evidence relating to the execution of the 1969 indemnity agreement. Respondents' assignment of error number 1 is overruled.

[2]  Respondents' second assignment of error is to the exclusion of testimony of Jane Hayworth tending to show that her purported signatures on the 31 December 1971 agreement and a deed of trust covering her Kernersville residence were not in fact her signatures.

Through the excluded testimony, respondents were attempting to attack the validity of the debt created by the 31 December 1971 agreement. Respondents contend that the proper execution of the 1971 agreement was a condition precedent to its taking effect. "Conditions precedent are not favored in the law and provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such construction." *Financial Services v. Capitol Funds*, 23 N.C. App. 377, 386, 209 S.E. 2d 423, 429 (1974), *aff'd*, 288 N.C. 122, 217 S.E. 2d 551, 77 A.L.R. 3d 1036 (1975). We find no such language in the 31 December 1971 agreement.

[3]  However, conditional delivery may be shown by evidence of an oral agreement to that effect. *Insurance Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606 (1936); 2 Stansbury, North Carolina Evidence, § 257 (Brandis Rev. 1973). Had respondents presented evidence of such an express oral agreement with Safeco then the testimony of Mrs. Hayworth negating performance of the condition precedent would have been relevant. Yet the only evidence tendered which arguably showed conditional delivery consists of averments in the pleadings in a separate action brought in Guilford County by Safeco against Wake, respondents, and the

Hayworths on the 31 December 1971 agreement. In their answer and counterclaim filed in the Guilford County action, respondents alleged that they executed the agreement in reliance upon representations made by an agent of Safeco that the agreement would be properly executed by all the parties, and that it was not properly executed by the Hayworths through the fault of Safeco. The pleadings in the separate action, which were verified by respondent Jerry Lee Hill, constitute nothing more than an affidavit for purposes of the case *sub judice*. Affidavits are not normally admissible at trial as independent evidence to establish facts material to the issues being tried. *In re Custody of Griffin*, 6 N.C. App. 375, 170 S.E. 2d 84 (1969); 3 Am. Jur. 2d, Affidavits, § 29, p. 404. These pleadings were properly excluded from evidence by the trial court. Respondents did not otherwise attempt to present evidence to establish a conditional delivery of the 31 December 1977 agreement even though the affiant, Jerry Lee Hill, was present and available as a witness. The agreement provided that the parties were to be jointly and severally liable for the obligations assumed therein. Respondents failed to offer evidence of a defense to their liability.

Mrs. Hayworth's testimony was relevant only to show the failure of a condition precedent. Since there was no evidence of the existence of such an express condition, the trial court properly excluded Mrs. Hayworth's testimony. Assignment of error number 2 is overruled.

Respondents' third assignment of error is to the court's exclusion of the affidavit of Jerry Lee Hill verifying and incorporating therein the Guilford County pleadings heretofore mentioned. The admissibility of the affidavit is discussed, *supra*. This assignment of error is overruled.

Affirmed.

Judges HEDRICK and MITCHELL concur.