MARGARET WALKER v. THOMAS J. WALKER

No. 7715DC1009

(Filed 3 October 1978)

1. **Evidence § 28.1— affidavits—affiant present at hearing—right to cross-examination not denied**

    Plaintiff's affidavit was not inadmissible on the ground that defendant was deprived of his right to cross-examine the affiant, since plaintiff was present at the hearing and defendant could have called her for cross-examination.

2. **Trial § 57— hearing by court—elimination of incompetent material**

    Defendant's contention that plaintiff's affidavit contained irrelevant material which was prejudicial to defendant is without merit, since it is presumed that the court, sitting without a jury, eliminated immaterial and incompetent testimony and was not influenced by it.

3. **Divorce and Alimony § 24.1— child support—determining amount**

    In determining the amount of child support, the trial court properly complied with G.S. 50-13.4(c) by considering the estate, earnings, conditions and accustomed standard of living of the defendant.

Walker v. Walker

4. **Divorce and Alimony § 27— child custody and support—counsel fees awarded without findings of fact**

 In an action for child custody and support, findings of fact are not required to sustain an award for counsel fees.

APPEAL by defendant from *Cooper, Judge*. Judgment entered 20 September 1977 in District Court, ALAMANCE County. Heard in the Court of Appeals 19 September 1978.

Plaintiff brought this action for alimony without divorce, custody, child support, and counsel fees. Plaintiff contends defendant has offered indignities to the plaintiff as to render her condition intolerable and her life burdensome. Defendant's answer denies plaintiff's allegations but asks the court to determine custody and child support.

Plaintiff and defendant stipulated that plaintiff was a fit and proper person to have care, custody and control of their child, Tonya Beth Walker, thirteen years of age. Plaintiff and defendant announced they were ready to proceed, and agreed that the matters and things before the court would not include the relief sought by the plaintiff for alimony or alimony pendente lite.

Plaintiff was present in court but did not testify in person. An affidavit by the plaintiff was admitted into evidence over defendant's objection. Plaintiff also called defendant as a witness. Plaintiff's evidence tended to show the financial condition of plaintiff and defendant and the requirements of their child for support.

The court entered judgment finding facts and conclusions of law requiring defendant to pay $250.00 monthly as child support and $500.00 to plaintiff's attorneys as partial allowance on counsel fees. The cause was retained for further orders of the court.

*Latham, Wood and Balog, by James F. Latham, for plaintiff appellee.*

*Ross and Dodge, by Barton M. Menser, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant objected to the admission of plaintiff's affidavit. Defendant's first and second assignments of error depend upon

the correctness of this ruling. The first assignment of error is based upon the court's ruling in admitting the affidavit. The second challenges the findings of fact and conclusions of law in the court's judgment for the reason there is no evidence to support them other than plaintiff's affidavit. On this question, counsel for plaintiff and defendant rely upon *In re Custody of Griffin*, 6 N.C. App. 375, 170 S.E. 2d 84 (1969). In *Griffin*, twenty-one affidavits were offered and the record does not disclose that these affiants were present in court. This Court held affidavits should not be received where there was a timely objection and the objecting party will be deprived of his right of cross-examination of the affiant. The Court further stated that upon objection affidavits should not be received without affording an opportunity for cross-examination.

Defendant in his brief states that plaintiff affiant was present for the hearing. He further states she was not made available to him for cross-examination. We do not conclude from *Griffin*, *supra*, that upon such objection the offering party must tender the affiant for cross-examination when the affiant is present in open court to the knowledge of the objecting party. By his failure to call affiant for cross-examination, defendant waived this right.

[2] Defendant further contends the affidavit contains material irrelevant to the question of child support and prejudicial to defendant. Where it sits without a jury, the trial court is able to eliminate immaterial and incompetent testimony. It is presumed the court did so. 1 Stansbury's N.C. Evidence (Brandis Revision, 1973), § 4a. There is nothing in the record before us to indicate the experienced trial judge was influenced by incompetent evidence in his judgment. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668 (1958).

Defendant's first and second assignments of error are overruled.

[3] Defendant next contends error in determining the amount of child support. He asserts the court abused its discretion in applying G.S. 50-13.4(c) by failing to consider the estate, earnings, conditions and accustomed standard of living of the defendant. The determination of child support must be done in such way to result in fairness to all parties. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). The trial court found defendant earned salary of ap-

proximately $16,335.00 per year and also received reimbursement for lodging, food, telephone, and other expenses when travelling for his employer. His employer also provided an automobile and reimbursement for expenses in the use of it for business purposes. The court required defendant to pay mortgage payments of $243.00 per month, including taxes and insurance, and $250.00 monthly child support, and hospitalization insurance, medical and dental expenses of his minor child. The court allowed defendant possession of certain personal and household property and reviewed the financial requirements of the defendant. We find that the court complied with G.S. 50-13.4(c) and *Beall*. The assignment of error is overruled.

[4]   Defendant assigns as error the order of the court requiring defendant to pay partial attorney fees to plaintiff's counsel. Defendant contends the court failed to find facts as required by G.S. 50-13.6. This statute requires in a *child support* action a finding that defendant refused to provide support. Here, plaintiff sues for alimony, custody, and support. Plaintiff did not abandon her claim for custody of Tonya, and although plaintiff and defendant agreed plaintiff was a fit person to have custody, this was a matter for the court to decide. The court adjudicated the question of custody. In an action for custody *and* support, findings of fact are not required to sustain an award for counsel fees. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975); *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977). There is ample evidence to support the trial court's order for counsel fees. The assignment is overruled.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge CLARK concur.