HUDSON, J.
concurring in result.
I agree that this Court should reverse the decision of the Court of Appeals and affirm the trial court’s dismissal of this attempt to foreclose by power of sale. I would focus, however, on the primary argument of the parties, which addresses whether the trial court properly excluded exhibits that were necessary to establish the right to foreclose. I agree with the majority that Exhibit 4 “is the crucial document at issue in this appeal.” Thus, we should review the trial court’s decision to exclude Exhibit 4 “based upon a failure to provide a proper foundation and hearsay.” I conclude that the trial court acted appropriately in excluding Exhibit 4.
In addition, I would explain more fully and precisely the statutory basis for the proper scope of thé applicability of the Rules of Evidence and Rules of Civil Procedure in power-of-sale foreclosures. First, the *230 majority agrees with the Court of Appeals majority’s broad statement that the evidentiary rules are more relaxed in the non-judicial foreclosure setting. I would clarify that the Rules of Evidence are relaxed only in the hearing before the clerk and only to the extent specifically provided for in N.C.G.S. § 45-21.16(d). In the de novo hearing in the trial court, however, the statute does not specifically provide for any relaxation of the rules, so the Rules of Evidence apply fully, as in any court proceeding, per Rules of Evidence 101 and 1101. N.C. R. Evid. 101 (These rules govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101.”); id. R. 1101 (“Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State.”).
Second, the majority announces that the “Rules of Civil Procedure do not apply unless explicitly engrafted into the statute.” I do not agree. The very first sentence of the Rules of Civil Procedure, which are themselves a statutory enactment, provides: “These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute.” N.C. R. Civ. P. 1 (emphasis added) (titled “Scope of Rules”). I do not agree with the majority’s assertion that the Rules of Civil Procedure do not apply “unless they are engrafted into the statute”; the Rules themselves presume they apply in all proceedings in the courts unless a different procedure is prescribed. I conclude this creates a presumption that these rules apply; the majority has turned this presumption around, citing no authority.
Additionally, the statute distinguishes between the proceeding before the clerk and the de novo hearing in the trial court, although the majority does not. I would clarify that since N.C.G.S. § 45-21.16 prescribes a different procedure for the hearing before the clerk, see N.C.G.S. § 45-21.16(c)-(dl) (2015), the Rules of Civil Procedure do not apply; however, because the statute does not prescribe any such alternate procedure for the de novo hearing in the trial court, see id. § 45-21.16(e) (2015), I would conclude that the Rules of Civil Procedure apply there, as in any court proceeding, per Rule 1. As such, I concur in the result.
“When an appellate court reviews the decision of a trial court sitting without a jury, ‘findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them In re Foreclosure of Bass, 366 N.C. 464, 467, 738 S.E.2d 173, 175 (2013) (quoting Knutton v. Cofield, 273 N.C. 355, 359, 160 S.E.2d 29, 33 (1968) (citations omitted)). Conclusions of law are reviewable by the *231 appellate court de novo. Id. at 467, 738 S.E.2d at 175 (citing Carolina Power & Light Co. v. City of Asheville, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004)).
It does not appear that this Court has addressed the standard of review of a trial court’s evidentiary determination in this particular context. The cases from the Court of Appeals are in conflict regarding whether an abuse of discretion or de novo standard of review is appropriate in the context of authentication of documentary evidence. Compare State v. Watlington, 234 N.C. App. 580, 590, 759 S.E.2d 116,124 (reviewing atrial court’s determination as to authentication of text messages de novo), disc. rev. denied, 367 N.C. 791, 766 S.E.2d 644 (2014), and State v. Crawley, 217 N.C. App. 509, 515, 719 S.E.2d 632, 637 (2011) (reviewing a trial court’s determination as to authentication of cell phone records de novo), disc. rev. denied, 365 N.C. 553, 722 S.E.2d 607 (2012), with In re Foreclosure by Goddard & Peterson, PLLC, _ N.C. App. __, _, 789 S.E.2d 835, 842 (2016) (reviewing evidentiary determinations by a trial court in a power-of-sale foreclosure proceeding for abuse of discretion), and Brown v. City of Winston-Salem, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (using an abuse of discretion standard to review a trial court’s determination as to authentication of spreadsheets with data under Rule 901), cert, denied, 360 N.C. 575, 635 S.E.2d 429 (2006). In this concurring opinion, I need not make a determination about which standard of review should apply because the result would be the same under either standard.[1]
*232 Here the trial court concluded that Deutsche Bank (the Bank) “failed to offer sufficient evidence ... to proceed with the foreclosure.” The trial court found that the Bank “failed to prove [it] possessed the Right to Foreclose” after excluding several exhibits including Exhibit 4, which was essential to establishing the substitute trustee’s appointment. The trial court excluded Exhibit 4 “based upon a failure to provide a proper foundation and hearsay.” During the de novo hearing before the trial court, the trial court specifically noted, as to Exhibit 4, that “[t]he Court would determine this is not only a - taken no exception to hearsay rule, but also the document is internally inconsistent. I would further note this document is presented to the Court from counsel which has inconsistent dates.” Thus, the precise issue before this Court is whether the trial court acted appropriately in excluding Exhibit 4.
Subsection 45-21.16(d) specifically explains that in the hearing before the clerk, “the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents.” N.C.G.S. § 45-21.16(d) (emphasis added). This provision allows affidavits to be used in place of live testimony when “the ‘necessity for expeditious procedure’ substantially outweighs any concerns about the efficacy of allowing [the witness] to testify by affidavit.” In re Foreclosure of Brown, 156 N.C. App. 477, 486, 577 S.E.2d 398, 404-05 (2003) (quoting In re Custody of Griffin, 6 N.C. App. 375, 378, 170 S.E.2d 84, 86 (1969)). The statute also allows clerks to consider “certified copies of documents,” presumably in place of originals. N.C.G.S. § 45-21.16(d). The statute allows for these particular forms of evidence “in addition to other forms of evidence required or permitted by law.” Id. (emphasis added). This means that aside from this narrow exception for affidavits and certified copies of documents, the other evidence that the “clerk shall consider,” id., must generally conform to the Rules of Evidence. Accordingly, I conclude that the Rules of Evidence are relaxed in power-of-sale foreclosure hearings before the clerk only to the extent specifically provided for in N.C.G.S. § 45-21.16(d).
*233 I further conclude that in a de novo hearing before the trial court, the Rules of Evidence apply fully, as in any court proceeding, per Rules of Evidence 101 and 1101. N.C. R. Evid. 101 (These rules govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101.”); id. R. 1101 (“Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State.”). Subsection 45-21.16(e) does not specifically provide for any relaxation of the rules of evidence for the court proceeding, as it does in subsection 45-21.16(d), for the hearing before the clerk.
The Bank sought to introduce Exhibit 4, which is a photocopy “of a document purporting to be a Limited Power of Attorney granting certain powers to Ocwen Loan Servicing, LLC.” There is no stamp on Exhibit 4 certifying the exhibit as a true and accurate copy; thus, it is an uncerti-fied copy.
The trial court specifically noted that the document has internal inconsistencies, particularly with dates and numbers of pages. The trial court also noted the lack of a “proper foundation.” I conclude that the trial court acted appropriately in excluding the document on this basis,[2] regardless of the applicable standard of review.
As noted above, I conclude that once this matter reached the superior court, the Rules of Evidence applied. Under the North Carolina Rules of Evidence, “[e]veiy writing sought to be admitted must be properly authenticated” in order to establish the foundation for the document’s admissibility. Inv’rs Title Ins. Co. v. Herzig, 330 N.C. 681, 693, 413 S.E.2d 268, 274 (1992) (citations omitted). Rule 901 states that “[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” N.C. R. Evid. 901(a). Rule 901 provides a nonexclusive list of ways evidence may be authenticated, including “Testimony of Witness with Knowledge” and' “Public Records or Reports.” Id. R. 901(b)(1), (7).[3]
*234 Rule 902 provides for methods of self-authentication, of evidence. Specifically, “[e]xtrinsic evidence of authenticity... is not required with respect to the following: ... (4) Certified Copies of Public Records . . . [and] (8) Acknowledged Documents.” Id. R. 902.[4]
The Bank’s attorney here did question a five witness (Ms. Lyew) but in so doing, failed to lay enough of a foundation to establish the authenticity of Exhibit 4. Counsel did not elicit testimony regarding the witness’s job responsibilities, work experience, time of employment with Ocwen, or any other details showing her personal knowledge of the documents and loan in question. This testimony failed to satisfy minimal authentication requirements. Additionally, while evidence that a public *235 record or report “is from the public office where items of this nature are kept” could serve to authenticate this document to the extent this document may qualify as a public record or report, id. R. 901(b)(7), the recording stamp included with Exhibit 4 contradicts the document itself and indicates that it was recorded in “Montgomery County, NC,” and not “Charlotte” (Mecklenburg County), as the witness testified should be the case here. As such, there is no indication that this document was in fact recorded or, if so, where. Thus, Exhibit 4 does not satisfy the requirements of Rule 901. Finally, any argument under Rule 902 fails because the parties did not present that argument before the trial court.
In addition to not being authenticated, Exhibit 4 is internally inconsistent. As the majority notes, the recording stamp on Exhibit 4 indicates that the document is eleven pages in length and was recorded in 2010 in Montgomery County, North Carolina. In fact, the actual Exhibit 4 document is fourteen pages in length, was executed in 2013, and should have been recorded in Mecklenburg County, according to the witness.
Because Exhibit 4 is not a certified copy and it contained internal inconsistencies, and because no witness testified to personal knowledge about it, the trial court acted appropriately in excluding Exhibit 4, regardless of the applicable standard of review. Without Exhibit 4, the Bank failed to offer sufficient evidence of the right to proceed with a power-of-sale foreclosure. The trial court’s conclusion is supported by the findings of fact and by the evidence. Accordingly, the trial court’s dismissal on this basis was entirely appropriate.
In addition, I agree with the majority that the Bank “is barred from proceeding again with non-judicial foreclosure based on the same default, [and that] the Bank may nonetheless proceed with foreclosure by judicial action.” To reach that conclusion, however, I do not think it necessary or consistent with applicable statutory authority to deem the Rules of Civil Procedure inapplicable.
Turning to the foreclosure procedure at issue here, it is clear to me that in N.C.G.S. § 45-21.16 (codified in “Part 2. Procedure for Sale [Under Power of Sale]”), the General Assembly has prescribed by statute a different procedure for the hearing before the clerk. The details of that procedure are explained in subsections (c) through (dl) of N.C.G.S. § 45-21.16. If and when the matter is “appealed to the judge of the district or superior court,” it is to be reviewed in a de novo hearing. N.C.G.S. § 45-21.16(dl). Once the case has moved into the district or superior court for the de novo hearing before a judge “who shall be authorized to hear the appeal,” no further procedure is prescribed for that stage of the *236 litigation. Id. § 45-21.16(e). Subsection (e) requires only that “[a] certified copy of any order entered as a result of the appeal shall be filed in all counties where the notice of hearing has been filed.” Id. Because no differing procedure is prescribed in N.C.G.S. § 45-21.16(e) for the proceeding in the district or superior court, I conclude that the Rules of Civil procedure apply there, in accordance with Rule 1. See N.C. R. Civ. P. 1,
Upon appeal from the clerk’s determination, the trial court excluded Exhibit 4 and properly concluded that the Bank failed to establish its right to foreclose by power of sale. Dismissal of the matter, under the Rules of Civil Procedure, was the proper ruling at that point. Nonetheless, as to the claim based on this default, the Bank may still proceed with foreclosure by judicial action. See N.C.G.S. § 45-21.2 (2015) (“This Article [“Article 2A. Sales Under Power of Sale”] does not affect any right to foreclosure by action in court, and is not applicable to any such action.”).
For the reasons set forth herein, I concur in the result.
Justices BEASLEY and ERVIN join in this concurring opinion.

. The minority opinion announces an abuse of discretion standard for reviewing “the trial court’s exclusion of documentary evidence under the hearsay rule” and cites this Court’s decision in State v. Blake, 317 N.C. 632, 637-38, 346 S.E.2d 399, 402 (1986). First, Blake does not support this statement. Blake states that “[r]ulings on questions arguably leading rest in the trial court’s discretion and will not be disturbed in the absence of an abuse of discretion.” Blake, 317 N.C. at 637,346 S.E.2d at 402. In support of this statement, Blake cites State v. Young, 312, N.C. 669, 326 S.E.2d 181 (1985), which states that “[r]ulings by the trial court on leading questions are discretionary and reversible only for abuse of discretion.” Young, 312 N.C. at 678, 325 S.E.2d at 187. Both cases specifically address the standard of review relating to leading questions. Neither case articulates a standard of review for evidentiary determinations under the hearsay rule. In fact, when Blake does discuss the hearsay issue, it seems to employ, although without specifically saying, a de novo review. See Blake, 317 N.C. at 638, 346 S.E.2d at 402.
Additionally, there are several cases from the Court of Appeals that explicitly utilize a de novo standard for reviewing trial court determinations regarding hearsay. See, e.g., State v. Hicks, _ N.C. App. _, _, 777 S.E.2d 341, 348 (2015) (“This Court reviews atrial court’s ruling on the admission of evidence over a party’s hearsay objection de novo.” (citing State v. Miller, 197 N.C. App. 78, 87-88, 676 S.E.2d 546, 552, disc. rev. denied, 363 N.C. 586, 683 S.E.2d 216 (2009))), disc. rev. denied, 368 N.C. 686, 781 S.E.2d 606 (2016); State v. Castaneda, 215 N.C. App. 144, 147, 715 S.E.2d 290, 293 (“The trial court’s determination *232 as to whether an out-of-court statement constitutes hearsay is reviewed de novo on appeal.” (quoting State v. Mitler, 197 N.C. App. 78, 87-88, 676 S.E.2d 646, 552, disc. rev. denied, 363 N.C. 586, 683 S.E.2d 216 (2009)), appeal dismissed and disc. rev. denied, 365 N.C. 354, 718 S.E.2d 148 (2011).
Second, it is not clear why the majority announces a specific, possibly new standard of review relating to hearsay when it does not analyze whether Exhibit 4 is hearsay or fits within a hearsay exception here. The majority simply concludes that because Exhibit 4 is “plainly internally inconsistent,” the majority “cannot conclude the trial court had no reasonable basis to exclude” it.

. Because this matter can be resolved based upon the trial court’s exclusion of Exhibit 4 for failure to provide a proper foundation, in my view this Court need not reach the alternate ground for inadmissibility noted by the trial court, i.e., hearsay.

. Rule 901 reads in pertinent part:
(b) Illustrations.- By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
*234 (1) Testimony of Witness with Knowledge.- Testimony that a matter is what it is claimed to be.
[[Image here]]
(7) Public Records or Reports.- Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.
N.C. R. Evid. 901(b)(1), (7).

. Rule 902 reads in pertinent part:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
[[Image here]]
(4) Certified Copies of Public Records.- A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) or complying with any law of the United States or of this State.
[[Image here]]
(8) Acknowledged Documents.- Documents accompanied by . a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.
Id. R. 902.