RUSSELL W. CHAPLAIN, JR., GLADYS G. CHAPLAIN, A. KAY CHAPLAIN AND PETER B. ROSENTHAL, PLAINTIFFS-RESPONDENTS v. ELSIE B. CHAPLAIN AND HOTEL ASSOCIATES, LTD., A DELAWARE CORPORATION, DEFENDANTS-PETITIONERS

No. 901SC653

(Filed 5 February 1991)

1. **Judgments § 37 (NCI3d); Pleadings § 1 (NCI3d) — voluntary dismissal with prejudice — inadvertent — subsequent action not dismissed**

The trial court did not err by refusing to dismiss an action to obtain stock and real property allegedly held by defendant Elsie Chaplain in trust for plaintiffs where plaintiffs began the action by filing an application and order to extend the time to file the complaint to 10 December 1987; plaintiffs took a voluntary dismissal on 11 December 1987, inadvertently stating that it was with prejudice; and plaintiff's counsel filed this action on the same day. Both collateral estoppel and res judicata depend on prior adjudication on the merits and nothing whatever was litigated or adjudicated in the first action. Furthermore, the initial action abated by operation of law when the complaint was not filed within the time specified and plaintiffs' notice of dismissal was without effect. Even so, the court would not have been required to dismiss the action since defendant was neither inconvenienced, misled, nor injured and the dismissal with prejudice was entirely due to counsel's inadvertence.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 84-86.**

2. **Rules of Civil Procedure § 56 (NCI3d) — summary judgment hearing — affidavit admitted without notice — no error**

The trial court did not err in an action seeking stock and real property allegedly held by defendant Elsie Chaplain in trust for plaintiffs' benefit by receiving at a summary judg-

ment hearing an affidavit from plaintiffs' counsel stating that an earlier dismissal with prejudice had been inadvertent even though the affidavit had not been served on counsel before the hearing. Unserved materials are receivable in the court's discretion, and the purpose of requiring service of affidavits was not compromised because the record does not show and defendant does not contend that defendant could or would have contradicted the assertion that the dismissal was inadvertently awarded. In any event, any error in receiving the affidavit was not one that entitled defendant to relief because it was not received in opposition to defendant's motion, which was orally made during the course of the hearing, but in support of plaintiffs' motion for summary judgment, which was also denied.

**Am Jur 2d, Summary Judgment §§ 16, 20.**

Judge EAGLES concurs in the result.

APPEAL by defendant Elsie B. Chaplain from order entered 2 February 1990, *nunc pro tunc* 22 January 1990, by *Judge D. Marsh McLelland* in DARE County Superior Court. Heard in the Court of Appeals 13 December 1990.

*Allen W. Powell and Womble Carlyle Sandridge & Rice, by G. Eugene Boyce, for plaintiff appellees.*

*Aldridge, Seawell & Khoury, by Joe G. Adams, for defendant appellant Elsie B. Chaplain.*

PHILLIPS, Judge.

On 20 November 1987 plaintiffs commenced an action styled as above by filing in the Superior Court of Dare County an Application and Order which extended the time to file the complaint until 10 December 1987. The purpose of the action, according to the application, was to obtain possession of and title to certain shares of stock in Hotel Associates, Ltd. and certain real property which defendant Elsie B. Chaplain held for the benefit of the plaintiffs. Unable to file the complaint by 10 December 1987, plaintiffs' counsel took a voluntary dismissal of the action on 11 December 1987, inadvertently stating that it was with prejudice. On that same day he filed this action to recover the same property described in the first action. After being served with process and a copy

CHAPLAIN v. CHAPLAIN

[101 N.C. App. 557 (1991)]

of the complaint the individual defendant did nothing affirmatively in the case for approximately twenty months. In that period plaintiffs, *inter alia*, filed an amendment to the complaint that included claims for fraud and unfair trade practices and a prayer for $500,000 in actual damages and a million dollars in punitive damages; replaced that amendment with one asking for damages in excess of $10,000; and deposed the individual defendant and her daughter. On 12 September 1989 the individual defendant, in answering plaintiffs' pleadings, pled various defenses, including the dismissal with prejudice of the prior action. Later, she moved for summary judgment and when the motion was denied, recognizing that the order was not appealable under G.S. 1-277 and G.S. 7A-27 since it was interlocutory and of no permanent effect on the litigation, she petitioned this Court for *certiorari*. Another panel of this Court, for no good reason that we have been able to discern, granted the petition and we are obliged to review the appeal. Hotel Associates, Ltd. is no longer in the case, as the complaint did not even profess to state a claim against it, and its motion to dismiss the complaint was granted earlier.

[1]  Defendant's principal arguments are that the court's refusal to dismiss this action was error because it is barred by plaintiffs' first action as a matter of law under the doctrines of *res judicata* and collateral estoppel. The arguments are not well-founded. Both of those doctrines depend, *inter alia*, upon a prior adjudication on the merits, *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986), and nothing whatever was litigated or adjudicated in the first action. Furthermore, under the express provisions of Rule 3(a), N.C. Rules of Civil Procedure, when the complaint in the first action was not filed within the time specified by the order extending time, that action abated by operation of law, and plaintiffs' subsequent Notice of Dismissal was without effect, legal or otherwise. But even if that was not the case, since defendant was neither inconvenienced, misled, nor injured by the first action and its dismissal with prejudice was entirely due to counsel's inadvertence, the court would not have been required to dismiss plaintiffs' action. For under our law unassailable bars to the enforcement of legal or equitable rights are not necessarily created by the inadvertent typographical errors of counsel.

[2]  Defendant also argues, without merit, that the trial court erred in receiving the affidavit of plaintiffs' counsel stating that the dismissal with prejudice was inadvertent because it was not served

on counsel before the hearing. The provision requiring service of materials before a hearing for summary judgment is not inviolable. Unserved materials are receivable within the court's discretion. Rule 6(d), N.C. Rules of Civil Procedure. The main purpose of requiring service of affidavits before the hearing is, of course, to enable the other party to answer the matters sworn to. That purpose was not compromised or frustrated by receiving the unserved affidavit, since the record does not show, and defendant does not contend, that if she had been served before the hearing she could or would have contradicted the assertion that the dismissal was inadvertently worded. In any event, receiving the affidavit, if error, was not one that entitled defendant to relief; because it was not received in opposition to defendant's motion, which was orally made during the course of the hearing, but in support of plaintiffs' motion for summary judgment, which was also denied.

Incongruously defendant's final argument is that the denial of her motion was also erroneous because no such motion was made! Since defendant asked this Court by her petition for *certiorari* to waive the jurisdictional ban against fragmentary appeals and review the interlocutory order denying her motion for summary judgment, the argument requires no answer.

Affirmed.

Judge WYNN concurs.

Judge EAGLES concurs in the result.