IN RE: FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM ELI BROWN AND VELVET BROWN, IN THE ORIGINAL AMOUNT OF $143,600.00, DATED OCTOBER 18, 1999, AND RECORDED IN BOOK 2724, PAGE 568, DURHAM COUNTY REGISTRY CURRENT OWNER(S): ELI BROWN AND VELVET BROWN, LAWRENCE S. MAITIN, SUBSTITUTE TRUSTEE

No. COA01-838

(Filed 18 March 2003)

**1. Mortgages and Deeds of Trust— foreclosure hearing—testimony of substitute trustee**

There was no error in a superior court foreclosure hearing where a substitute trustee testified on direct examination about his efforts to serve the debtors (respondents) with notice of the hearing, his testimony expanded under questioning by the judge to include the existence of a valid debt, default, and power of sale, and he answered still more questions under cross-examination from respondents. It was proper for the mortgage company to inquire into the trustee's efforts to serve the debtors and, after the judge broadened the scope of the testimony, respondents further expanded the testimony on cross-examination. Parties may not complain of actions they induced.

**2. Evidence— unserved affidavits—no objection to earlier, identical affidavits—no prejudice**

The superior court did not abuse its discretion in a foreclosure hearing by admitting unserved affidavits which related the trustee's efforts to serve notice of the hearing and the existence of the statutory elements for foreclosure. Earlier, identical affidavits from the same witnesses had been admitted without objection, respondents were clearly familiar with the assertions contained therein, and the new affidavits contained no new assertions which respondents could contradict through further investigation or additional time.

**3. Evidence— affidavit—weak method of proof—need for expeditious procedure**

An affidavit from a mortgage company official was properly admitted in a superior court foreclosure hearing because the necessity for expeditious procedure outweighs the weakness of the method of proof. Requiring the lender and mortgage servicer to present live testimony as to the existence of the statutory foreclosure elements would frustrate the ability of the deed of trust's sale provision to function as an expeditious and less expensive alternative to a foreclosure by action; moreover, requiring an out-of-state lender or servicer (in this case from California) to be present at a foreclosure hearing would be a burden which would be passed on in the form of increased lending costs.

**4. Evidence— foreclosure—trustee's testimony—beyond personal knowledge—other sufficient evidence**

There was no prejudice in a foreclosure hearing before a superior court judge from the trustee's testimony about elements of foreclosure beyond his personal knowledge because the promissory note, deed of trust, and affidavit from the mortgage service company constituted sufficient evidence of the debt and default.

**5. Mortgages and Deeds of Trust— foreclosure—notice—posting on rental property**

A motion to dismiss a foreclosure proceeding was properly denied where respondents contended that service of process by certified mailings to the property and posting on the property were insufficient because they rented out the property, but respondents were represented by counsel at hearings before the clerk and the superior court and requested multiple continuances. Although the tax records listed an address different from the subject property, the trustee had no way of knowing that the names on the tax records, one of which was a corporation, represented the same individuals who signed the deed of trust.

**6. Mortgages and Deeds of Trust— burden of proof—judge's remark**

A superior court judge's remark that the debtors had failed to show valid reason for a foreclosure not to proceed did not improperly shift the burden of proof but indicated the judge's legal conclusion. The mortgage company offered sufficient com-

IN RE FORECLOSURE OF BROWN

[156 N.C. App. 477 (2003)]

petent evidence of each of the required elements and respondents only offered evidence tending to disprove notice.

Appeal by respondents from judgment entered 17 April 2001 by Judge Evelyn W. Hill in Durham County Superior Court. Heard in the Court of Appeals 27 January 2003.

> *Stubbs, Cole, Breedlove, Prentis & Biggs, P.L.L.C., by Terry D. Fisher, for petitioner-appellee Option One Mortgage Corporation.*

> *Law Offices of Thomas H. Stark, by Thomas H. Stark and John G. Briggs III, for respondent-appellants Eli Brown and Velvet Brown.*

ELMORE, Judge.

Respondents Eli and Velvet Brown (collectively, "respondents" or "the Browns") appeal from a 17 April 2001 trial court order authorizing substitute trustee, Lawrence S. Maitin ("substitute trustee" or "Maitin"), to proceed with foreclosure on a deed of trust securing the Browns' indebtedness on certain real property located at 2227 University Drive, Durham, North Carolina ("subject property"). Appellee Option One Mortgage Corporation ("Option One") services the Browns' loan account under a promissory note executed by Eli Brown and secured by the subject deed of trust. Option One is also part of a business entity involving Norwest Bank Minnesota, N.A., which is the holder of the promissory note and subject deed of trust.

Respondents assign error to the admission of testimonial evidence from the substitute trustee, as well as the testimony via affidavit of Option One's assistant secretary, in the trial court proceedings. Respondents also appeal the trial court's denial of their motion to dismiss, argue that the trial court improperly shifted the burden of proof in the foreclosure hearing to respondents, and assert that the foreclosure sale should be deemed defective. For the reasons stated herein, we affirm the trial court's order authorizing foreclosure.

On 18 October 1999, Eli Brown and Tandem National Mortgage, Inc. ("Tandem") executed the promissory note, whereby Tandem extended to Eli Brown a mortgage loan in the principal amount of $143,600.00, plus interest, for the purchase of the subject property. Tandem thereafter transferred its rights as the note holder to

IN RE FORECLOSURE OF BROWN

[156 N.C. App. 477 (2003)]

"Norwest Minnesota Bank, N.A., as trustee, for the registered holders of Option One Mortgage Loan Trust." Tandem also transferred the deed of trust to Option One. The promissory note contained the following relevant provisions:

> 7.  BORROWER'S FAILURE TO PAY AS REQUIRED
>
> . . .
>
>     (B)  Default
>
>     If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
>
>     (C)  Notice of Default
>
>     If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of the principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
>
> . . .
>
> 8.  GIVING OF NOTICES
>
>     Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the [subject] Property Address above or at a different address if I give the Note Holder a notice of my different address.

The promissory note was secured by the subject deed of trust, executed by Eli Brown and Velvet Brown on 18 October 1999, and recorded at the Durham County Registry on 19 October 1999. The deed of trust provided in pertinent part as follows:

> Borrower irrevocably grants and conveys to Trustee and Trustee's successors and assigns, in trust, with power of sale, the [subject property].
>
> 14.  Notices. Any notice to Borrower provided for in this [deed of trust] shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the [subject] Property Address or any other address Borrower designates by notice

to Lender. . . . Any notice provided for in this [deed of trust] shall be deemed to have been given to Borrower . . . when given as provided in this paragraph.

. . .

21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this [deed of trust] . . . If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this [deed of trust] without further demand and may invoke the power of sale and any other remedies permitted by applicable law.

The Browns defaulted on their loan by failing to make any monthly payments after the period ending 1 December 1999. Pursuant to the terms of the promissory note and deed of trust, Option One thereafter accelerated the Browns' indebtedness and declared the balance to be immediately due. When no payment was forthcoming from the Browns, Maitin was named substitute trustee and instituted foreclosure proceedings by filing a petition for hearing and notice of hearing with the Durham County Clerk of Superior Court on 21 June 2000. Maitin attempted to serve these papers upon respondents by mailing them to the subject property, addressed to Eli Brown and Velvet Brown individually, via certified mail on 6 June 2000. These certified mailings, which were mistakenly addressed to Eli Brown and Velvet Brown at 2225, rather than 2227, University Drive, were returned to Maitin marked "unclaimed" on 8 June 2000. A return of service, dated 23 June 2000, was thereafter executed by a Durham County Sheriff's deputy with respect to both Eli Brown and Velvet Brown individually, stating that service was effected upon each "[b]y posting the Notice of hearing on the door of [the subject] property, after having first made due and diligent search and not having found the respondents." A foreclosure hearing before the clerk was set for 18 July 2000.

The foreclosure hearing was thereafter continued until 1 August 2000, apparently due to a death in the clerk's family. At the Browns' request, the hearing was subsequently continued until 22 August 2000. For reasons which are unclear from the record, the hearing did not take place on 22 August 2000. On 21 September 2000, Maitin filed an amended notice of hearing, which set the foreclosure hearing for 24 October 2000. Once again, Maitin attempted to serve respondents

via individual certified mailings of the amended notice to Eli and Velvet Brown at the subject property address, but these certified mailings, which were properly addressed, were returned to Maitin marked "unclaimed" on 26 September 2000. As was the case in June, a Durham County Sheriff's deputy executed a return of service for each of the respondents on 25 September 2000, stating that the amended notice of hearing was served upon Eli Brown and Velvet Brown "by posting the Amended Notice of hearing on the door of [the subject] property, after first having made due and diligent search and not having found the respondents."

On 24 October 2000, a foreclosure hearing was held before the Durham County Clerk of Superior Court. By order filed on 26 October 2000, the clerk authorized Maitin, the substitute trustee, to proceed with foreclosure on the subject deed of trust. Also on 26 October 2000, a document entitled "Affidavit of Velvet Brown" was filed with the clerk's office, wherein Velvet Brown testified "[t]hat she has not gone on the property which is the subject matter of this proceeding and, therefore, has not seen any posting which may or may not have been located on the real property[.]" On 6 November 2000, respondents filed their notice of appeal to the superior court of the clerk's order, pursuant to N.C. Gen. Stat. § 45-21.16(d1). The superior court hearing was initially calendared for 13 February 2001, but for reasons not reflected in the record, the hearing was not held at that time. The Durham County Trial Court Administrator thereafter notified Maitin and respondents' counsel by mail that the matter had been placed on the 16 April 2001 trial calendar. On 17 April 2001, counsel for the Browns, counsel for Option One, and Maitin appeared for the hearing de novo before the superior court. By order filed 17 April 2001, Judge Hill authorized Maitin to proceed with foreclosure under a power of sale. On 26 April 2001, respondents filed notice of appeal to this Court.

I.

[1] Respondents first assign error to the trial court's decision allowing the substitute trustee, Maitin, to testify "adversely" to respondents. At the superior court hearing, counsel for Option One called Maitin as a witness, and Maitin's testimony on direct examination was strictly limited to his efforts to serve respondents with the notice of hearing and amended notice of hearing. In response to questioning from Judge Hill, Maitin testified as to the existence of a valid debt, default, and existence of a power of sale with respect to the subject deed of trust. On cross examination, counsel for respondents

inquired as to Maitin's personal knowledge of (1) efforts to serve the Browns, (2) the existence of a valid debt, (3) the identity of the note holder, and (4) whether there had been a default. Respondents contend that Maitin's testimony was improper because it tended to support the four findings the court must make in order to authorize foreclosure, namely (1) a valid debt, (2) default, (3) right to foreclose under the instrument, and (4) notice to all parties so entitled. N.C. Gen. Stat. § 45-21.16(d) (2001). We find no merit in respondents' argument.

"In deed of trust relationships, the trustee is a disinterested third party acting as the agent of both the debtor and the creditor." *In re Proposed Foreclosure of McDuffie*, 114 N.C. App. 86, 88, 440 S.E.2d 865, 866 (1994). In a foreclosure proceeding, the trustee is charged with the duty to effect service of the notice of hearing. N.C. Gen. Stat. § 45-21.16(a) (2001). At the outset of the superior court hearing, respondents' counsel stated that he was "appearing for the purposes of challenging jurisdiction . . . not making a general appearance." Respondents challenged the trial court's jurisdiction on the grounds that Maitin's service of the notice of hearing was inadequate. Consequently, it was not improper for the trial court to allow Option One to rebut respondents' assertion by calling Maitin as a witness and inquiring as to his efforts to serve the Browns, since Maitin had a statutory duty to effect valid service of process in this matter. Because the trustee's duty to serve notice of the foreclosure hearing inures just as much to the benefit of the *borrower* as it does to the lender, we do not find that Maitin's testimony concerning his efforts to fulfill this duty has removed him in any way from his proper status as a "disinterested third party" in the instant deed of trust relationship. Option One's direct examination of Maitin was strictly limited to the means employed by Maitin to obtain service of process upon the Browns. While Judge Hill broadened the scope of Maitin's testimony by inquiring as to the existence of a valid debt, default, and power of sale, counsel for respondents on cross-examination further expanded. Maitin's testimony by inquiring as to his personal knowledge of these additional foreclosure elements. A party may not complain of action which that party induced. *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994). This assignment of error is overruled.

## II.

[2] Respondents next assign error to the superior court's admission into evidence of (1) an affidavit of service executed on 12 April 2001, by which Maitin testified regarding his efforts to serve the notice of

hearing upon the Browns; and (2) an affidavit executed on 11 April 2001 by Kathy Milchak, Option One's assistant secretary, by which Milchak testified as to the existence of the statutory elements for foreclosure. Respondents also assert that the superior court erred by admitting two additional affidavits, executed by Maitin on 23 October 2000 and by Milchak on 4 May 2000, which are identical to the aforementioned affidavits in all respects save date of execution. Respondents assert that the superior court improperly relied on these affidavits as evidence of the four statutory elements of foreclosure. Respondents contend that admission of these affidavits was error because they were not properly served, and because Milchak's affidavit was inadmissible hearsay. We do not agree with respondents' assertions.

Rule 5(a) of the North Carolina Rules of Civil Procedure provides in pertinent part that "every written motion other than one which may be heard *ex parte*, and every written notice, appearance, demand, offer of judgment and similar paper shall be served upon each of the parties." N.C. Gen. Stat. § 1A-1, Rule 5(a) (2001). Proof of service of such papers must be filed with the court. N.C. Gen. Stat. § 1A-1, Rule 5(c) (2001). Respondents contend that because the affidavits of Maitin and Milchak were not served upon them prior to the hearing, and because the affidavits do not have certificates of service attached, the trial court should not have admitted these unserved affidavits into evidence.

In *Chaplain v. Chaplain*, 101 N.C. App. 557, 559-60, 400 S.E.2d 121, 122, *rev. denied*, 328 N.C. 570, 403 S.E.2d 508 (1991), this Court found the defendant's argument that "the trial court erred in receiving the affidavit of plaintiffs' counsel . . . because it was not served on counsel before the hearing" to be "without merit." The *Chaplain* Court held as follows:

> The provision requiring service of materials before a hearing for summary judgment is not inviolable. *Unserved materials are receivable within the court's discretion.* Rule 6(d), N.C. Rules of Civil Procedure. The main purpose of requiring service of affidavits before the hearing is, of course, to enable the other party to answer the matters sworn to. That purpose was not compromised or frustrated by receiving the unserved affidavit, since the record does not show, and defendant does not contend, that if she had been served before the hearing she could or would have contradicted the assertion [contained within the unserved affidavit].

*Id.* at 560, 400 S.E.2d at 122-23 (emphasis added). With respect to the trial court's admission into evidence of unserved affidavits, we find no reason why this Court should distinguish between affidavits filed in support of a motion for summary judgment and affidavits filed in support of a petition for foreclosure, and we hold that the unserved affidavits of Maitin and Milchak were properly received into evidence within the trial court's discretion. Where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason or so arbitrary that they could not have been the result of a reasoned decision. *Id.*

Here, as in *Chaplain*, respondents' ability to "answer the matters sworn to" in these affidavits was not "compromised or frustrated" by their admission into evidence. The earlier affidavits of Maitin and Milchak had already been admitted into evidence at the hearing before the clerk, and there is nothing in the record to indicate respondents' counsel objected to their admission at that time. They are identical in content to the latter affidavits. Respondents were clearly familiar with the assertions contained therein—specifically, that each of the four elements of foreclosure was present. Respondents came to the superior court hearing fully prepared to challenge the "notice" element, as evidenced by counsel's assertion at the hearing's outset that he was "appearing for the purpose of challenging jurisdiction" based on improper service. As in *Chaplain*, these affidavits contained no new assertions which respondents could "contradict" through further investigation or additional time to construct an argument prior to the hearing. We hold that the trial court did not abuse its discretion by admitting the unserved affidavits into evidence.

[3] Respondents also contend that Milchak's affidavits should not have been admitted into evidence because they are inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2001). Hearsay evidence "is not admissible except as provided *by statute* or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2001) (emphasis added).

Pursuant to N.C. Gen. Stat. § 45-21.16(d), in a foreclosure hearing before the clerk of court, "the clerk shall consider the evidence of the

parties and may consider . . . affidavits and certified copies of documents." The statute, however, is silent regarding admission of affidavits as evidence in foreclosure hearings *de novo* before the superior court. In their brief, respondents acknowledge the statutory provision allowing affidavits as evidence in foreclosure hearings before the clerk, but argue, without citing any authority, that affidavits should not be admitted in hearings *de novo* before the superior court because "the standards of what constitutes competent evidence undoubtedly change when a matter is appealed to a higher court for a trial *de novo*." We do not find respondents' argument on this point persuasive.

This Court has stated that affidavits, while "inherently weak as a method of proof," are properly admitted as evidence "in certain limited situations in which the weakness of this method of proof is deemed substantially outweighed by the necessity for expeditious procedure." *In re Custody of Griffin*, 6 N.C. App. 375, 378, 170 S.E.2d 84, 86 (1969). With respect to Milchak's affidavit, we find the instant foreclosure hearing to be such a situation. A power of sale is a contractual arrangement in a deed of trust which confers upon the trustee or mortgagee the power to sell the real property mortgaged, without a court order, in the event of a default. *In re Foreclosure of Michael Weinman Associates*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993). "A power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by action." *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978). In the case *sub judice*, the lender and the servicer of the mortgage loan are out-of-state corporations. Requiring those entities to present live witness testimony, through a corporate officer or employee, at the hearing as to the existence of the statutory foreclosure elements would frustrate the ability of the instant deed of trust's power of sale provision to function as a more expeditious and less expensive alternative to a foreclosure by action. The burden of requiring a mortgage lender or servicer who, like Kathy Milchak, works in California to be present at a foreclosure hearing in North Carolina would be passed on to all borrowers in the form of increased lending costs. This is especially true in the instant case, where the hearings before both the clerk and the superior court were continued multiple times at the respondents' request. We hold that, in the instant case, the "necessity for expeditious procedure" substantially outweighs any concerns about the efficacy of allowing Milchak to testify by affidavit, and the trial court properly admitted her affidavit into evidence. *Griffin*, 6 N.C. App. at 378, 170 S.E.2d at 86.

**IN RE FORECLOSURE OF BROWN**

[156 N.C. App. 477 (2003)]

We note that respondents do not argue in their brief that Maitin's affidavit testimony is inadmissible hearsay. Any such argument is thus properly deemed abandoned. N.C. R. App. P. 28(b)(5). We hold that the superior court properly admitted the affidavits of Maitin and Milchak into evidence, and these assignments of error are overruled.

### III.

**[4]** Respondents next argue that the superior court erred by (1) admitting and relying on Maitin's oral hearsay testimony about matters outside of his personal knowledge, and (2) denying respondents' motion to dismiss for lack of sufficient evidence of a valid debt and default. As noted above, Judge Hill, and counsel for respondents on cross-examination, elicited testimony from Maitin as to the existence of a valid debt, default, and power of sale, despite Maitin's lack of personal knowledge regarding these foreclosure elements. "Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, relied solely upon the competent evidence and disregarded the incompetent evidence." *In re Cooke*, 37 N.C. App. 575, 579, 246 S.E.2d 801, 804 (1978). When sitting without a jury, the trial court is able to eliminate incompetent testimony, and the presumption arises that it did so. *Walker v. Walker*, 38 N.C. App. 226, 228, 247 S.E.2d 615, 616 (1978). Kathy Milchak's affidavit and the promissory note and deed of trust constitute sufficient competent evidence of a valid debt and default, even without considering Maitin's testimony regarding these foreclosure elements. These assignments of error are therefore without merit.

### IV.

**[5]** By their next assignment of error, respondents contend that the trial court improperly denied their motion to dismiss on the basis that there was insufficient evidence establishing service of process. Respondents argue that because they rented out the subject property and did not reside therein, Maitin's efforts to serve the notice of hearing by certified mailings to the subject property address, and ultimately by posting the subject property, were insufficient. We disagree.

Notice is one of the four findings the trial court must make in order to authorize foreclosure. N.C. Gen. Stat. § 45-21.16(d). The statute further provides that:

**IN RE FORECLOSURE OF BROWN**

[156 N.C. App. 477 (2003)]

[N]otice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons, including service by registered mail or certified mail, return receipt requested. However . . . if service upon a party cannot be effected after a reasonable and diligent effort in a manner authorized above, notice to such party may be given by posting the notice in a conspicuous place and manner upon the property not less than 20 days prior to the hearing.

N.C. Gen. Stat. § 45-21.16(a) (2001). "In determining whether due diligence has been exerted in effecting service, this Court has rejected use of a 'restrictive mandatory checklist' and has held determination in each case is based upon the facts and circumstances thereof." *Barclays American/Mortgage Corp. v. BECA Enterprises*, 116 N.C. App. 100, 103, 446 S.E.2d 883, 886 (1994). A "reasonable and diligent effort" under N.C. Gen. Stat. § 45-21.16(a) necessitates employment of reasonably ascertainable information. *Id.* The public record is generally regarded as being reasonably ascertainable, and this Court has consistently attached significance to whether or not the public record has been inspected in order to determine an appropriate address for service of process. *Id.* at 104, 446 S.E.2d at 886.

In the instant case, Maitin attempted service of the notice of hearing and amended notice of hearing upon Eli and Velvet Brown by certified mailings addressed to the subject property. The notice of hearing was mistakenly addressed to 2225, rather than 2227, University Drive. The amended notice was properly addressed. After each mailing was returned unclaimed, Maitin attempted personal service by sheriff, who posted the notice and amended notice of hearing at the subject property. Respondents, who requested multiple continuances, were represented by counsel at the hearings before both the clerk and the superior court, and timely filed notice of appeal from each decision. At the superior court hearing, respondents introduced Durham County tax records for properties owned by "Eli Brown III" and "Eli Brown Incorporated," each of which listed an address different from the subject property. Respondents argue that because Maitin did not attempt to serve the Browns at these addresses before posting the subject property, his attempts at effecting service were not "reasonable and diligent" and service was therefore defective.

Based on this evidence, we agree with the trial court's analysis of the "facts and circumstances" and hold that Maitin's efforts to serve respondents prior to posting the property were "reasonable and dili-

gent" within the meaning of N.C. Gen. Stat. § 45-21.16(a). Maitin had no way of knowing whether the names on the tax records, one of which was a corporation, represented the same individuals who signed the deed of trust. We find it significant that respondents clearly had actual notice of both hearings, since they were either present or represented by counsel at each. Where respondents "received no notice of the hearing, but the record shows that [they were] present at the hearing and participated in it," we have held that respondents cannot complain of lack of notice, as they are unable to show any prejudice to their rights by it. *In re Foreclosure of Norton*, 41 N.C. App. 529, 531, 255 S.E.2d 287, 289 (1979). Since respondents here have likewise failed to show any prejudice to their rights, this assignment of error is overruled.

## V.

**[6]** By their next assignment of error, respondents contend that the trial court erred by placing the burden of proof on the Browns to prove there was no valid reason for the foreclosure to proceed. Respondents contend that by stating "the debtors, having shown no valid legal reason why foreclosure should not commence" immediately before issuing the order authorizing foreclosure, Judge Hill indicated that she had improperly placed the burden on respondents to prove why foreclosure should not proceed. We disagree.

In a foreclosure proceeding, the lender bears the burden of proving that there was a valid debt, default, right to foreclose under power of sale, and notice. *In re Foreclosure of Kitchens*, 113 N.C. App. 175, 177; 437 S.E.2d 511, 512 (1993); *see also* N.C. Gen. Stat. § 45-21.16(d). The debtor must be given notice of his right to appear at the foreclosure hearing and "show cause as to why the foreclosure should not be allowed to be held." N. C. Gen. Stat. § 45-21.16(c)(7) (2001). In the instant case, Option One offered sufficient competent evidence which tended to prove each of these elements. Respondents only offered evidence tending to disprove the notice element. We hold that Judge Hill's remarks did not indicate an improper shift of the burden of proof, but rather were her legal conclusion that respondents, in light of Option One's evidence and respondents' lack thereof, failed to "show cause as to why the foreclosure should not be allowed to be held." *Id.* This assignment of error is overruled.

## VI.

By their final assignment of error, respondents contend that the foreclosure sale of the subject property should be deemed defective

due to an alleged defect in the publication dates for the sale, as reflected in the amended notice of foreclosure sale. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1). Since this issue was never considered by the trial court and is raised for the first time on appeal, it is not properly before this Court, and we decline to address it.

Accordingly, for the reasons stated herein, the trial court's order authorizing foreclosure on the subject deed of trust is

Affirmed.

Chief Judge EAGLES and Judge McCULLOUGH concur.