CALABRIA, Judge.
 

 *191
 
 Lillian Cain ("respondent") appeals from an order authorizing the Substitute Trustee,
 
 *838
 
 Goddard & Peterson, PLLC ("G & P"), to proceed with the foreclosure of the Deed of Trust for 1478 Thelbert Drive in Fayetteville, North Carolina ("the property"). We affirm.
 

 I. Background
 

 On 19 October 1999, respondent borrowed $74,500 by executing a promissory note ("the Note"). To secure the loan evidenced by the Note, respondent executed a Deed of Trust on the property. Initially, the Note was specially endorsed to Household Realty Corporation ("HRC") by Household Bank, FSB; HRC later specially endorsed the Note to Beal Bank, S.S.B. ("petitioner"). Subsequently, respondent defaulted on the deed of trust.
 

 In April 2012, petitioner executed a Substitution of Trustee of the Deed of Trust substituting Rogers Townsend & Thomas ("RTT") for the original trustee, Andre F. Barrett. Roughly a month later, RTT sent respondent a pre-foreclosure notice for the property that included the date of her last scheduled payment, which was made on 1 December 2011. In June 2012, RTT sent respondent a letter informing her,
 
 inter alia,
 
 that it had been retained to initiate foreclosure proceedings for the property, and that she could pay the amount of the debt ($68,559.51), dispute the debt, or dispute that petitioner was the creditor. On 17 September 2012, RTT executed an affidavit certifying that a Notice of Hearing and a Notice of Substitute Trustee's Foreclosure Sale of the property were mailed to respondent.
 

 On 24 September 2012, the Clerk of Superior Court of Cumberland County heard evidence and found,
 
 inter alia,
 
 that notice was given to the record owner of the property, that petitioner was the holder of the Note and Deed of Trust, that the Note was in default, and that the Deed of Trust gave petitioner the right to foreclose under a power of sale. Consequently, the clerk entered an order allowing RTT to proceed with the foreclosure sale. Respondent noted an appeal to Cumberland County Superior Court from the clerk's order.
 

 On 23 September 2013, respondent served RTT with a Request for Admissions, which asked petitioner to admit it was not the holder of the Note and the Deed of Trust. Respondent also filed a Certificate of Service specifying that copies of the Request had been served on all parties and were properly addressed to the attorney or attorneys for all parties. The only names listed on the Certificate of Service, however,
 
 *192
 
 were attorneys David W. Neill and Michael Morris from RTT, which was acting as Substitute Trustee at the time. It appears that petitioner never responded to the Request for Admissions.
 

 On 13 October 2013, petitioner executed another Substitution of Trustee, substituting G & P for RTT. After being relieved from its duties as Substitute Trustee, RTT began representing petitioner in the foreclosure proceedings. In April 2014, G & P filed a Notice of Appeal Hearing and certified that respondent and her attorney were served.
 

 On 16 February 2015, the Honorable Ebern T. Watson, III presided at the hearing on respondent's appeal from the clerk's Order. Before any evidence was presented, respondent served petitioner with a motion to dismiss the foreclosure proceedings and presented the unfiled motion to Judge Watson. The motion was based entirely upon petitioner's purported failure to answer respondent's Request for Admissions. Because the motion had not been scheduled to be heard separately or at the
 
 de novo
 
 hearing, neither petitioner nor G & P had notice that respondent planned to move the superior court to dismiss the proceeding. Judge Watson orally denied respondent's motion.
 

 During the hearing, petitioner introduced an Affidavit of Indebtedness which was executed by Tracy Duck ("Duck"), an "authorized signer" for petitioner. A number of exhibits were attached to Duck's affidavit, including photocopies of the Note, the Deed of Trust, and accounting records pertaining to respondent's loan from petitioner. Duck's affidavit was admitted into evidence over respondent's objection, as were the exhibits. Respondent also objected to the appearance of RTT as petitioner's counsel, but Judge Watson overruled the objection and proceeded with the hearing.
 

 After hearing all the evidence, the superior court entered an order on 16 February 2015
 
 *839
 
 that authorized G & P to proceed with the foreclosure sale. Respondent appeals.
 

 II. Standard of Review and Generally Applicable Law
 

 " 'The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings.' "
 
 In re Foreclosure of Adams,
 

 204 N.C.App. 318
 
 , 320,
 
 693 S.E.2d 705
 
 , 708 (2010) (citation omitted). " 'Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding.' "
 
 Id.
 
 at 321,
 
 693 S.E.2d at 708
 
 (citations omitted).
 

 *193
 
 " 'A power of sale is a contractual arrangement [which may be contained] in a mortgage or a deed of trust [.]' "
 

 Id.
 

 (citation omitted). When a deed of trust contains a power of sale provision, the trustee or mortgagee is vested with the " 'power to sell the real property mortgaged without any order of court in the event of a default.' "
 
 In re Michael Weinman Assocs. Gen. P'ship,
 

 333 N.C. 221
 
 , 227,
 
 424 S.E.2d 385
 
 , 388 (1993) (citation and internal quotation marks omitted). "A foreclosure by power of sale is a special proceeding commenced without formal summons and complaint and with no right to a jury trial."
 
 United Carolina Bank v. Tucker,
 

 99 N.C.App. 95
 
 , 98,
 
 392 S.E.2d 410
 
 , 411 (1990) (citation omitted). Once a mortgagee or trustee has filed a notice of hearing with the clerk of court and served that notice on the necessary parties, N.C. Gen.Stat. § 45-21.16(d) (2015) provides that the clerk shall conduct a hearing on the matter. At the hearing, the lender must prove and establish the following six criteria before the clerk of court may authorize the mortgagee or trustee to proceed with the foreclosure under a power of sale:
 

 (i) [a] valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) [a] right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b) ... and (vi) that the sale is not barred by G.S. 45-21.12A [.]
 

 Id.
 

 In the context of a section 45-21.16 foreclosure proceeding, "the clerk ... is limited to making the six findings of fact specified under subsection (d)...."
 
 In re Foreclosure of Young,
 

 227 N.C.App. 502
 
 , 505,
 
 744 S.E.2d 476
 
 , 479 (2013). The clerk's decision may be appealed to superior court for a hearing
 
 de novo,
 
 N.C. Gen.Stat. § 45-21.16(d1), but the superior court is similarly limited to determining whether subsection 45-21.16(d)'s six criteria have been satisfied.
 
 In re Foreclosure of Carter,
 

 219 N.C.App. 370
 
 , 373,
 
 725 S.E.2d 22
 
 , 24 (2012). However, in conducting its review, the superior court may consider evidence of legal defenses that would negate the findings required under section 45-21.16.
 
 In re Foreclosure of Goforth Properties, Inc.,
 

 334 N.C. 369
 
 , 375,
 
 432 S.E.2d 855
 
 , 859 (1993). "A foreclosure under power of sale is a type of special proceeding, to which our Rules of Civil Procedure apply."
 
 Lifestore Bank v. Mingo Tribal Pres. Trust,
 

 235 N.C.App. 573
 
 , 577,
 
 763 S.E.2d 6
 
 , 9 (2014),
 
 review denied,
 
 - -- N.C. ----,
 
 771 S.E.2d 306
 
 (2015).
 

 *194
 

 III. Motion to Dismiss
 

 Respondent first argues that the trial court erred by denying her motion to dismiss the foreclosure proceeding. According to respondent, since petitioner did not respond to her formal Request for Admissions, it was conclusively established that petitioner was not the holder of the Note or the Deed of Trust. Respondent asserts that by ignoring these judicial admissions, the superior court erroneously found that petitioner was "the holder of the Note and Deed of Trust sought to be foreclosed." We disagree.
 

 Rule 36(a) of the North Carolina Rules of Civil Procedure provides, in pertinent part, that when a written request for admissions is properly served upon a party to a lawsuit,
 

 [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request
 
 *840
 
 is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]
 

 N.C. Gen.Stat. § 1A-1, Rule 36(a) (2014). Rule 36(b), which governs the effect of admissions, provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."
 

 Id.
 

 § 1A-1, Rule 36(b). "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request."
 
 Town of Chapel Hill v. Burchette,
 

 100 N.C.App. 157
 
 , 162,
 
 394 S.E.2d 698
 
 , 701 (1990). "Failure to do so means that the facts in question are judicially established."
 
 J.M. Parker & Sons, Inc. v. William Barber, Inc.,
 

 208 N.C.App. 682
 
 , 688,
 
 704 S.E.2d 64
 
 , 68 (2010).
 

 "A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence."
 

 Eury v. N.C. Emp't Sec. Comm'n,
 

 115 N.C.App. 590
 
 , 599,
 
 446 S.E.2d 383
 
 , 389 (1994) (internal citation omitted) (quoting
 
 Outer Banks Contractors, Inc. v. Forbes,
 

 302 N.C. 599
 
 , 604,
 
 276 S.E.2d 375
 
 , 379 (1981) ).
 

 In the instant case, respondent's motion to dismiss was based entirely upon petitioner's purported judicial admissions. Unfortunately
 
 *195
 
 for respondent, she failed to obtain a written ruling on her motion. Although the superior court announced its decision to deny respondent's motion at the
 
 de novo
 
 hearing, "an order rendered in open court is not enforceable until it is 'entered,' i.e., until it is reduced to writing, signed by the judge, and filed with the clerk of court."
 
 West v. Marko,
 

 130 N.C.App. 751
 
 , 756,
 
 504 S.E.2d 571
 
 , 574 (1998) ; N.C. Gen.Stat. § 1A-1, Rule 58 ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court.");
 
 see also
 

 Onslow Cnty. v. Moore,
 

 129 N.C.App. 376
 
 , 388,
 
 499 S.E.2d 780
 
 , 788 (1998) (explaining that " Rule 58 applies to judgments
 
 and
 
 orders, and therefore, an order is entered when the requirements of ... Rule 58 are satisfied"). The record reveals that respondent has appealed only from the superior court's order authorizing G & P to proceed with the foreclosure sale. This order neither mentions respondent's motion nor does it contain any findings or conclusions of law on the motion. Since a written order was never "entered" on respondent's motion to dismiss, no appeal could be taken from it.
 
 Mastin v. Griffith,
 

 133 N.C.App. 345
 
 , 346,
 
 515 S.E.2d 494
 
 , 494-95 (1999) ("Entry of judgment by the trial court is the event which vests jurisdiction in this Court. Thus, an order may not properly be appealed until it is entered." (internal citation and quotations marks omitted)). Accordingly, the issue respondent raises regarding her motion to dismiss is not properly before us.
 
 [1]
 

 IV. Appearance of Counsel
 

 Respondent next argues that the court erred in allowing RTT, the former Substitute Trustee, to appear as counsel for petitioner and advocate against respondent in the
 
 de novo
 
 foreclosure hearing. Respondent's argument, as we understand it, is that (1) RTT owed a fiduciary duty to her when this matter went before the superior court, and that (2) RTT's representation of petitioner constituted a breach of that duty. We disagree.
 

 Although fiduciary relationships often escape precise definition, they generally arise when "there has been a special confidence reposed
 
 *196
 
 in one who in equity and good
 
 *841
 
 conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence."
 
 Green v. Freeman,
 

 367 N.C. 136
 
 , 141,
 
 749 S.E.2d 262
 
 , 268 (2013) (quoting
 
 Dalton v. Camp,
 

 353 N.C. 647
 
 , 651,
 
 548 S.E.2d 704
 
 , 707 (2001) ) (internal quotation marks omitted). Fiduciary relationships are characterized by " 'confidence reposed on one side, and resulting domination and influence on the other.' "
 
 Dalton,
 

 353 N.C. at 651
 
 ,
 
 548 S.E.2d at 708
 
 (citation and emphasis omitted). "To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary relationship existed and that the fiduciary failed to 'act in good faith and with due regard to [the plaintiff's] interests[.]' "
 
 Toomer v. Branch Banking & Trust Co.,
 

 171 N.C.App. 58
 
 , 70,
 
 614 S.E.2d 328
 
 , 337 (2005) (quoting
 
 White v. Consol. Planning Inc.,
 

 166 N.C.App. 283
 
 , 293,
 
 603 S.E.2d 147
 
 , 155 (2004) ). Furthermore "[t]his Court has held that breach of fiduciary duty is a species of negligence or professional malpractice. Consequently, [such] claims require [ ] proof of an injury proximately caused by the breach of duty."
 
 Farndale Co., LLC v. Gibellini,
 

 176 N.C.App. 60
 
 , 68,
 
 628 S.E.2d 15
 
 , 20 (2006) (citations and internal quotation marks omitted).
 

 "In deed of trust relationships, the trustee is a disinterested third party acting as the agent of both [parties]."
 
 In re Proposed Foreclosure of McDuffie,
 

 114 N.C.App. 86
 
 , 88,
 
 440 S.E.2d 865
 
 , 866 (1994). As such, in a typical foreclosure proceeding, trustees have a long-recognized fiduciary duty to both the debtor and the creditor.
 
 In re Foreclosure of Vogler Realty, Inc.,
 

 365 N.C. 389
 
 , 397,
 
 722 S.E.2d 459
 
 , 465 (2012). "Upon default [a trustee's] duties are rendered responsible, critical and active and he is required to act discreetly, as well as judiciously, in making the best use of the security for the protection of the beneficiaries."
 

 Id.
 

 (quoting
 
 Mills v. Mut. Bldg. Loan Ass'n,
 

 216 N.C. 664
 
 , 669,
 
 6 S.E.2d 549
 
 , 552 (1940) ). More specifically, "the trustee ... is required to discharge his duties with the strictest impartiality as well as fidelity, and according to his best ability."
 
 Hinton v. Pritchard,
 

 120 N.C. 1
 
 , 3,
 
 26 S.E. 627
 
 , 627 (1897).
 

 Here, since RTT was removed as Substitute Trustee on 13 October 2013, its formal fiduciary duties to respondent ended well before the 2 February 2015
 
 de novo
 
 hearing in superior court. Apart from citing the general fiduciary duties of an
 
 acting
 
 trustee, respondent fails to explain how RTT's representation of petitioner at the
 
 de novo
 
 hearing either violated a specific principle of law or was undertaken in bad faith. Also absent from respondent's brief is an argument that she sustained some specific injury that was proximately caused by RTT's conduct. We suspect this argument has not been made because it does not exist. At the time of the hearing, G & P, the acting Substitute Trustee, was charged
 
 *197
 
 with acting in the best interests of both petitioner and respondent. When the parties appeared before the superior court, RTT had no obligation to act as a disinterested party. Consequently, we discern no prejudice to respondent's rights or interests as a result of RTT's representation of petitioner.
 

 Furthermore, looking beyond the substantive law, we cannot see how RTT's representation of petitioner allowed petitioner to procure an unfair advantage in the foreclosure proceeding. While not precedential authority for this Court, North Carolina State Bar Ethics Opinions ("RPCs" and "CPRs") "provide ethical guidance for attorneys and ... establish ... principle[s] of ethical conduct." 27 N.C. Admin. Code 1D.0101(j) (2015). Our State Bar has addressed the specific issue that respondent has raised. N.C. CPR 220 (1979) provides that if a lawyer who is acting as a trustee for a deed of trust resigns his position as trustee, the lawyer may represent the petitioner bringing the foreclosure claim "as long as no prior conflict of interest existed because of some prior obligation to the opposing party." N.C. RPC 82 (1990) states that "former service as a trustee does not disqualify a lawyer from assuming a partisan role in regard to foreclosure under a deed of trust." N.C. RPC 90 (1990) ties it all together, and provides that
 

 [i]t has long been recognized that former service as a trustee does not disqualify a lawyer from assuming a partisan role in regard to foreclosure under a deed of
 
 *842
 
 trust. CPR 220, RPC 82. This is true whether the attorney resigns as trustee prior to the initiation of foreclosure proceedings or after the initiation of such proceedings when it becomes apparent that the foreclosure will be contested.
 

 Furthermore, in 2013, the State Bar adopted Formal Opinion 5, which more specifically defined RPC 90, by stating:
 

 [A] lawyer/trustee must explain his role in a foreclosure proceeding to any unrepresented party that is an unsophisticated consumer of legal services; if he fails to do so and that party discloses material confidential information, the lawyer may not represent the other party in a subsequent, related adversarial proceeding unless there is informed consent.
 

 N.C. Formal Opinion 5 (2013).
 

 In the instant case, respondent does not argue that she was an unrepresented, unsophisticated consumer of legal services or that she
 
 *198
 
 disclosed material confidential information to RTT when it was acting as Substitute Trustee. Instead, the record suggests that respondent was represented by counsel throughout the contested foreclosure proceedings held before the clerk and the superior court, which spanned more than three years. Further, respondent has not demonstrated that RTT failed to notify her of its intent to represent petitioner in the foreclosure proceedings. Because the record is replete with correspondence from RTT notifying respondent of and updating her on the
 
 de novo
 
 hearing in superior court, she has failed to demonstrate any legal or ethical violation in connection with RTT's representation of petitioner at that proceeding. Accordingly, the superior court did not err in overruling respondent's objection to such representation.
 

 V. Duck's Affidavit of Indebtedness
 

 Respondent's final argument is that the trial court erred in admitting Duck's affidavit and its attachments into evidence. Specifically, respondent contends that (1) Duck was not a qualified witness as required under Rule 803(6) of the North Carolina Rules of Evidence ("the business records exception" to the hearsay rule), (2) the Note and Deed of Trust were not business records and were not properly authenticated, and (3) certain statements contained in Duck's affidavit were inadmissible hearsay. We disagree.
 

 "The admissibility of evidence in the trial court is based upon that court's sound discretion and may be disturbed on appeal only upon a finding that the decision was based on an abuse of discretion."
 
 In re Foreclosure by David A. Simpson, P.C.,
 

 211 N.C.App. 483
 
 , 488,
 
 711 S.E.2d 165
 
 , 170 (2011). As a result, the superior court's ruling may be reversed only upon a showing that it was so arbitrary that it could not be the result of a reasoned decision.
 
 Reis v. Hoots,
 

 131 N.C.App. 721
 
 , 727,
 
 509 S.E.2d 198
 
 , 203 (1998).
 

 " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen.Stat. § 8C-1, Rule 801(c) (2015). Unless allowed by statute or the North Carolina Rules of Evidence, hearsay evidence is not admissible in court. N.C. Gen.Stat. § 8C-1, Rule 802 (2015).
 

 Pursuant to the business records exception, the following items of evidence are not excluded by the hearsay rule, even though the declarant is unavailable as a witness:
 

 A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or
 
 *199
 
 diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
 

 N.C. Gen.Stat. § 8C-1, Rule 803(6) (2015). Qualifying business records are admissible under Rule 803(6) "when a proper foundation ... is laid by testimony of a witness who is familiar with the ... records and the methods under which they were made so as to satisfy the court that the methods, the
 
 *843
 
 sources of information, and the time of preparation render such evidence trustworthy."
 
 In re S.D.J.,
 

 192 N.C.App. 478
 
 , 482,
 
 665 S.E.2d 818
 
 , 821 (2008) (citations and internal quotation marks omitted). " '[An] '[o]ther qualified witness' has been construed to mean a witness who is familiar with the business entries and the system under which they are made.' "
 
 Steelcase, Inc. v. Lilly Co.,
 

 93 N.C.App. 697
 
 , 702,
 
 379 S.E.2d 40
 
 , 44 (1989) (citation omitted). "While the foundation must be laid by a person familiar with the records and the system under which they are made, there is 'no requirement that the records be authenticated by the person who made them.' "
 
 In re S.D.J.,
 

 192 N.C.App. at 482-83
 
 ,
 
 665 S.E.2d at 821
 
 (citation omitted).
 

 Generally, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." N.C. Gen.Stat. § 8C-1, Rule 602 (2015) ;
 
 see also
 

 Gilreath v. N.C. Dep't of Health and Human Servs.,
 

 177 N.C.App. 499
 
 , 505,
 
 629 S.E.2d 293
 
 , 296 (2006) (requiring affidavits to be made on personal knowledge "setting forth facts admissible in evidence"). Rule 56(e) of the North Carolina Rules of Civil Procedure requires that affidavits supporting or opposing a summary judgment motion "be made on personal knowledge...." N.C. Gen.Stat. § 1A-1, Rule 56(e) (2015). "Knowledge obtained from the review of records, qualified under Rule 803(6), constitutes 'personal knowledge' within the meaning of Rule 56(e)."
 
 Hylton v. Koontz,
 

 138 N.C.App. 629
 
 , 635,
 
 532 S.E.2d 252
 
 , 256 (2000). This principle applies with equal force here.
 
 Cf.
 

 U.S. Leasing Corp. v. Everett, Creech, Hancock, and Herzig,
 

 88 N.C.App. 418
 
 , 423,
 
 363 S.E.2d 665
 
 , 667 (1988) (even though a witness's knowledge was "limited to the contents of [the] plaintiff's file with which he had familiarized himself, he could
 
 *200
 
 properly testify about the records and their significance so long as the records themselves were admissible under [ Rule 803(6) ]").
 

 In the instant case, while the Note and Deed of Trust were identified as attachments, the only specific "business records" that petitioner sought to introduce through Duck's affidavit were documents related to respondent's loan account. Our review of the record reveals that the foundational requirements of Rule 803(6) were satisfied through the submission of Duck's affidavit, which provided that petitioner's financial records were made and kept in the regular course of business by persons having knowledge of the information set forth at or near the time of the acts, events, or conditions recorded. Furthermore, Duck-an "authorized signor" for petitioner who was permitted "to make the representations contained" in the affidavit-specifically stated that her averments were "based upon [her] review of [petitioner's] records relating to [respondent's] loan and from [her] own personal knowledge of how they are kept and maintained." As a result, Duck was a qualified witness under Rule 803(6) and petitioner's records regarding respondent's default on her loan account were properly introduced through Duck's affidavit.
 

 Respondent also briefly argues that the Note and Deed of Trust are not "business records" and were not properly authenticated by Duck's affidavit. Even assuming respondent raised this objection below-
 
 see
 

 Weil v. Herring,
 

 207 N.C. 6
 
 , 10,
 
 175 S.E. 836
 
 , 838 (1934) (holding that where a theory argued on appeal was not raised before the trial court, "the law does not permit parties to swap horses between courts in order to get a better mount [in the appellate court]")-we will not address it. Except for a passing reference to Rule 803(6), respondent fails to cite any legal authority in support of her contentions. Since "[i]t is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein [,]" respondent has abandoned her arguments as to admission of the Note and the Deed of Trust.
 
 Goodson v. P.H. Glatfelter Co.,
 

 171 N.C.App. 596
 
 , 606,
 
 615 S.E.2d 350
 
 , 358 (2005) ; N.C.R.App. P. 28(b)(6) (2014) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").
 

 Finally, respondent argues that certain statements contained in Duck's affidavit constituted inadmissible hearsay. For example, respondent takes issue with Duck's statement that petitioner "is the holder of
 
 *844
 
 the loan." We reject respondent's argument for two reasons.
 
 *201
 
 We first note that in a foreclosure hearing before the clerk of court, "the clerk shall consider the evidence of the parties and may consider ... affidavits and certified copies of documents." N.C. Gen.Stat. § 45-21.16(d). In addition, this Court has held that affidavits may be used as competent evidence to establish the required statutory elements in
 
 de novo
 
 foreclosure hearings.
 
 In re Foreclosure of Brown,
 

 156 N.C.App. 477
 
 , 486-87,
 
 577 S.E.2d 398
 
 , 404 (2003). The borrower in
 
 Brown
 
 contended that affidavits-which testified as to the existence of the statutory elements for a section 45-21.16 foreclosure-from the California-based lender's assistant secretary were inadmissible hearsay.
 

 Id.
 

 at 485
 
 ,
 
 577 S.E.2d at 404
 
 . After noting that "[a] power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by action[,]" this Court held that "the 'necessity for expeditious procedure' substantially outweigh[ed] any concerns about the efficacy of allowing [the secretary] to testify by affidavit, and the trial court properly admitted her affidavit into evidence."
 

 Id.
 

 at 486
 
 ,
 
 577 S.E.2d at 404-05
 
 (citation omitted).
 

 The record in the instant case reveals that Duck (and presumably petitioner) is based in Illinois, and respondent cites no authority that would support requiring out-of-state lenders seeking to foreclose under a power of sale to present live witness testimony in North Carolina. We conclude, as the
 
 Brown
 
 Court did, that Duck's Affidavit of Indebtedness was the most certain and expeditious way to prove and establish certain criteria required by subsection 45-21.16(d).
 

 Moreover, this Court has previously held that whether an entity is a "holder" is "a legal conclusion ... to be determined by a court of law on the basis of factual allegations."
 
 In re Simpson,
 

 211 N.C.App. at 495
 
 ,
 
 711 S.E.2d at 173
 
 . However, " '[s]tatements in affidavits as to opinion, belief, or conclusions of law are of no effect [.]' "
 
 Lemon v. Combs,
 

 164 N.C.App. 615
 
 , 622,
 
 596 S.E.2d 344
 
 , 349 (2004) (citation omitted);
 
 In re Simpson,
 

 211 N.C.App. at 495
 
 ,
 
 711 S.E.2d at 173
 
 (disregarding the affiant's "conclusion as to the identity of the 'owner and holder' of the [promissory note and deed of trust]"). Thus, even though we disregard Duck's conclusion of law that petitioner is the holder of the Note, we reject respondent's argument that this, and any other, legal conclusion Duck may have made resulted in the affidavit being admitted in error. Accordingly, for the reasons stated above, the trial court did not abuse its discretion in allowing Duck's affidavit and its accompanying attachments into evidence.
 

 *202
 

 VI. Conclusion
 

 Since an order was never entered on respondent's motion to dismiss, she cannot appeal from the superior court's denial of that motion. Furthermore, the superior court did not err in allowing RTT to represent petitioner because the firm had no specific fiduciary duty to respondent when the
 
 de novo
 
 foreclosure hearing was conducted, and there is no evidence that the representation was injurious to respondent or was undertaken in bad faith. Finally, the superior court did not err in allowing Duck's affidavit and its attachments to be admitted into evidence. For these reasons, the superior court properly authorized G & P to proceed with the foreclosure sale. We therefore affirm the superior court's order.
 

 AFFIRMED.
 

 Judges BRYANT and ZACHARY concur.
 

 [1]
 

 We further note that respondent's Request for Admissions was served one year after entry of the clerk's order authorizing the foreclosure sale and approximately a year and a half before the
 
 de novo
 
 hearing in the superior court. Thus, petitioner's purported failure to respond to the Request was old news when the
 
 de novo
 
 hearing was held. Although we impute no bad faith to respondent, the basis of her motion-judicial admissions under Rule 36(b) -and the manner in which it was presented to the superior court-with no prior notice to the court or respondent-suggest nothing more than an attempt to introduce confusion into the
 
 de novo
 
 hearing and perhaps complete a "Hail Mary" before the foreclosure clock ran out.