DILLON, Judge.
The superior court entered an order permitting the foreclosure of certain real property ("Property"). The Property owner ("Owner") appeals the order allowing the foreclosure to proceed on the sole ground that Deutsche Bank National Trust Company ("Trustee") failed to present sufficient evidence that it was the holder of the debt which secured the Property. We affirm the superior court.
Analysis
The Owner's sole argument on appeal is that the superior court erred in finding that the Trustee was the holder of the note ("Note") which was secured by the Property. We disagree.
At the foreclosure hearing before the superior court, the Trustee produced a photocopy of the original Note along with an affidavit of an officer of the authorized servicer of the mortgage indicating that the Trustee has been the holder of the Note since before the time the foreclosure proceeding was initiated. See In re Adams , 204 N.C. App. 318, 323, 693 S.E.2d 705, 709-10 (2010) (photocopies of the note can be admitted to prove holder status); In re Brown , 156 N.C. App. 477, 486-87, 577 S.E.2d 398, 404-05 (2003) (affidavits from loan servicer are admissible in de novo foreclosure hearing in superior court). The Note was indorsed in blank. N.C. Gen. Stat. § 25-3-205(b) (2013) states that "[w]hen indorsed in blank, an instrument becomes payable to bearer[.]" A separate assignment of the deed of trust securing the Note is not required because the transfer of the Note constitutes a valid transfer of the deed of trust. N.C. Gen. Stat. § 47-17.2 (2013).
We have reviewed the Owner's contentions on appeal that Bank of America, and not the Trustee, was the holder of the Note. We hold that these contentions lack merit to rebut the evidence offered by the Trustee. The evidence cited by the Owner shows, at best, that Bank of America may have been involved in servicing the mortgage in the past. But the evidence does not contradict the Trustee's evidence that it has been in possession of the Note since the initiation of the foreclosure and that the Note was indorsed in blank.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and ZACHARY concur.