BUNCOMBE COUNTY, ON BEHALF OF ANGELIA A. FRADY, PLAINTIFF v.
DAVID B. ROGERS, DEFENDANT

No. COA01-129

(Filed 5 February 2002)

**1. Child Support, Custody, and Visitation— support—voluntary payment—no deduction from monthly gross income**

The trial court did not abuse its discretion in a child support case by failing to deduct from defendant's monthly gross income the amount of child support he voluntarily pays each week on behalf of one of his four minor children, because: (1) defendant does not make child support payments on behalf of that child pursuant to a court order or settlement agreement; (2) defendant was given credit for supporting this child as a minor child living with defendant; and (3) defendant's monthly adjusted gross income is consistent with the Child Support Guidelines and defendant did not file a motion to deviate from the Guidelines.

**2. Child Support, Custody, and Visitation— support—procurement of health insurance**

The trial court failed to make proper findings in a child support case under N.C.G.S. § 50-13.11(a1) regarding whether insurance was available to defendant and whether it was available at a reasonable cost when it ordered defendant to pay health insurance costs for one of his four minor children, and the case is remanded for further findings of fact.

Appeal by Defendant from judgment entered 4 August 2000 by Judge Robert Harrell in Buncombe County District Court. Heard in the Court of Appeals 28 November 2001.

*Buncombe County Child Support Enforcement Agency, by Susan E. Wilson, for plaintiff-appellee.*

*Michael E. Casterline, for defendant-appellant.*

HUDSON, Judge.

Defendant appeals from an order requiring him to pay child support and procure health insurance, if it is available to him through his employment, for his minor child, Alexandria Frady. We affirm in part and vacate in part and remand for further proceedings.

Defendant is the natural father of four daughters: Savannah, Stephanie, Alexandria, and Lisa, each of whom has a different mother. Defendant is under a current court order to pay child support in the amount of $143.00 per month for Savannah. Stephanie's mother testified that she and Defendant have an agreement, which is not part of a court order, pursuant to which Defendant pays Stephanie's mother $54.00 per week, or $216.00 per month, for Stephanie's support; Stephanie lives with Defendant on the weekends. Support for Alexandria is the subject of the current action. Lisa, a newborn, and Lisa's mother currently reside with Defendant. Defendant testified that he has signed an agreement, which was "submitted to Haywood County" to be "signed by a judge," pursuant to which he will pay $121.00 per month for health insurance for Lisa. The record does not reflect the source of this insurance.

Kelly Williams, a child support worker, completed Worksheet A of the North Carolina Child Support Guidelines to be used at the hearing before the district court. *See* Annotated Rules of North Carolina 46-47 (2001). According to Worksheet A, at the time of the hearing, Defendant's gross monthly income was $1,386.56. Defendant was credited with $197.88 for support of two children living in his home; this amount, together with $143.00, Defendant's court-ordered support payment for Savannah, was subtracted from Defendant's gross monthly income, resulting in a monthly adjusted gross income of $1,045.68. Using the Child Support Schedule, Williams calculated $193.12 as the child support obligation amount, and she entered $193.00 as the recommended child support order.

Defendant did not file a motion for deviation from the Guidelines. The court ordered Defendant to pay $193.00 per month. Additionally, the order provided: "Defendant to maintain insurance when available through employment." Defendant appeals this order.

[1] Defendant first contends that the district court erred in failing to deduct from his monthly gross income the amount of child support he voluntarily pays each week on behalf of his minor child, Stephanie. We disagree.

Child support payments are required "to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(c) (1999). When the court orders payments that are consistent with the North Carolina Child Support Guidelines (the "Guidelines"), these payments are presumed to "meet the reasonable needs of the child and [to be] commensurate with the relative abilities of each parent to pay support." *Buncombe County ex rel. Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000). The trial court may deviate from the Guidelines upon a timely request by one of the parties, after engaging in a four-step process. *See id.*

The Guidelines provide that "[t]he amount of child support payments actually made by a party under any pre-existing court order(s) or separation agreement(s) should be deducted from the party's gross income." Ann. R. N.C., at 35. There is no provision for deducting the amount of voluntary child support payments.

Here, Defendant does not make child support payments for Stephanie pursuant to a court order or settlement agreement. Moreover, Defendant was given credit for supporting Stephanie as a minor child living with Defendant. The amount the court used for Defendant's monthly adjusted gross income, which resulted in an amount of $193.00 as his child support obligation for Alexandria, is thus consistent with the Guidelines. Defendant did not file a motion to deviate from the Guidelines. Hence, we find no abuse of discretion in this part of the court's order.

[2] Defendant next argues that the trial court erred in ordering him to pay health insurance costs for Alexandria. Specifically, he argues that the court failed to make findings of fact regarding whether insurance was available at a reasonable cost. We agree with Defendant that the court erred in failing to make proper findings in this regard.

By statute, the court must order

the parent of a minor child or other responsible party to maintain health insurance for the benefit of the child when health insur-

ance is available at a reasonable cost. As used in this subsection, health insurance is considered reasonable in cost if it is employment related or other group health insurance, regardless of service delivery mechanism.

N.C. Gen. Stat. § 50-13.11(a1) (1999). Pursuant to this statute, insurance that can be obtained through employment is presumptively reasonable in cost. However, the statute anticipates that a party may have access to insurance that is reasonable in cost, other than insurance that is available through employment. Before ordering a party to obtain health insurance, the trial court must make the determination whether insurance is available to the party at a reasonable cost. *See Jackson,* 138 N.C. App. at 291, 531 S.E.2d at 245.

Here, as in *Jackson,* the trial court made no findings at all as to whether insurance was available to Defendant, and, if so, at what cost. The court's order does not address whether Defendant had access to insurance outside of his employment, but provides only: "Defendant to maintain insurance when available through employment." This is a conditional order: if the Defendant has access to insurance through his employment, then he is ordered to obtain insurance for Alexandria. It leaves it to the parties to make the determination whether Defendant has access to insurance through his employment.

It is the court's responsibility to make the factual finding that Defendant does or does not have access to insurance through his employment. Additionally, if Defendant does not have access to insurance through his employment, then the court must determine if Defendant can procure insurance for his minor child in some other way at a reasonable cost. Accordingly, we remand for further findings of fact regarding whether Defendant is able to obtain health insurance for Alexandria at a reasonable cost.

Affirmed in part, vacated in part and remanded.

Judges TIMMONS-GOODSON and TYSON concur.