REAMS v. RIGGAN

[224 N.C. App. 78 (2012)]

ERIN MICHELLE REAMS

v.

BRIAN JOSEPH RIGGAN

No. COA12-470

Filed 4 December 2012

**1. Child Custody and Support—findings—supported by evidence**

Findings in a child custody and support action were supported by the evidence and were binding on appeal even though defendant presented some contradictory evidence. Defendant did not argue that the trial court abused its discretion by awarding primary custody to plaintiff.

**2. Child Custody and Support—support—health insurance—not employment based**

A child custody and support order did not vary from the North Carolina Child Support Guidelines merely because the trial court ordered defendant to purchase health insurance when defendant did not have access to employment related health insurance. Because there was no variance, there was no violation in not making findings. Defendant did not properly argue that the trial court's findings supporting its ruling were insufficient.

**3. Child Custody and Support—support—calculation of amount—error not properly argued**

No error was found in the trial court's calculation of the amount of child support defendant was ordered to pay where the court multiplied defendant's weekly income by 4.3. Although the record was unclear concerning exactly how the trial court reached its determinations, the defendant made no argument that the record was deficient, that the trial court failed to make sufficient findings of fact, that the trial court improperly calculated either party's monthly income, or that the trial court applied different formulas in calculating the parties' gross monthly incomes. Defendant did not argue that the matter should be remanded for additional evidence or findings.

Judge BEASLEY concurring in part and dissenting in part.

**REAMS v. RIGGAN**

[224 N.C. App. 78 (2012)]

Appeal by Defendant from order entered 18 October 2011 by Judge J. Henry Banks in District Court, Vance County. Heard in the Court of Appeals 25 September 2012.

*Stainback, Satterwhite & Zollicoffer, PLLC, by Paul J. Stainback, for Plaintiff-Appellee.*

*Richard E. Jester for Defendant-Appellant.*

McGEE, Judge.

Brian Joseph Riggan (Defendant) appeals from a child custody order entered 18 October 2011. Defendant and Erin Michelle Reams (Plaintiff) had a child together (the child), born 17 January 2005. Plaintiff and Defendant were never married. Plaintiff filed a complaint for child custody and child support on 5 April 2010. Defendant answered and counterclaimed on 14 May 2010. Both Plaintiff and Defendant sought sole custody of the child and child support. The trial court heard the matter on several dates between August and October 2011, and entered a custody order on 18 October 2011. The following are relevant findings of fact from the custody order:

> 6. That the Plaintiff and Defendant separated as is hereinabove set forth in January, 2006, because of indifference and failure and inability to communicate, and thereafter the Plaintiff and the Defendant lived separate and apart at all times thereafter.
>
> 7. That subsequent to the separation of the Plaintiff and the Defendant the Plaintiff and her minor child relocated their residence to Youngsville, located in Franklin County, North Carolina, and that since the relocation of the Plaintiff and the Defendant the minor child . . . has become enrolled, attended, and presently attends Youngsville Elementary School, which is a "year-round" school, and that while she has been at said school said child has been "doing well".
>
> 8. That since the separation of the Plaintiff and the Defendant both the Plaintiff and the Defendant have married, and that they have married individuals other than each other, with the Plaintiff living with her present husband in Youngsville, North Carolina, and the Defendant living with his present wife in Henderson, Vance County, North Carolina.

. . . .

15. That the Plaintiff is presently employed as a bartender at Carolina Ale House located in Wake Forest, North Carolina, and that she has been employed at the Carolina Ale House for the last four years next preceding the hearing of this action, and that from such employment the Plaintiff earns between Five Hundred and no/100 ($500.00) Dollars and Seven Hundred and no/100 ($700.00) Dollars per week, and that her hours of work extend on a weekly basis of Monday through Friday from 10:00 A.M. until 4:00 P.M.

16. That the Defendant is employed as maintenance foreman at Eastern Minerals, Inc. located in Henderson, North Carolina, and he has been so employed for more than three years next preceding the hearing of this action, and that he has a weekly work schedule which extends Monday through Friday from 7:30 A.M. until 4:00 P.M.; further, the Defendant earns Fourteen and 22/100 ($14.22) Dollars per hour and that he works forty hours per week, . . . but that he currently does not have employment benefits which provides health insurance for the use and benefit of the Defendant and/or his dependents.

17. That following the separation of the parties in 2006, the Defendant exercised visitation and manifested interest in the minor child . . . on a sporadic basis; that the Defendant has visited the minor child's school once since she has been attending Youngsville Elementary School, and that upon the Plaintiff first enrolling the minor child in school the Defendant objected to such enrollment; that the Plaintiff transports the minor child . . . to and from school on a daily basis, and that she helps the minor child with her homework and reading skills on a daily basis.

18. That since the birth of [the child] the Plaintiff has been the primary caregiver and has had the basic responsibility for the rearing, upbringing, raising and nurturing of the minor child . . . since the birth of said child; that the Defendant has exercised regular visitation with the minor child since shortly after the filing of this action.

. . . .

20. That effective March 1, 2007, the Defendant was ordered to pay child support for the use and benefit of the minor child . . . and that the Defendant thereafter paid approximately One Hundred and no/100 ($100.00) Dollars under and pursuant to this order, although said order extended up to and through November 1, 2007, at which time the Plaintiff agreed, executed and signed documents waiving child support, and that the Defendant did not pay child support before March 1, 2007 and he has not paid child support subsequent to November 1, 2007.

. . . .

22. That the Plaintiff and the Defendant are both gainfully employed and that from said employment the Plaintiff and the Defendant derive wages with which to contribute to the support and maintenance of the minor child . . . and that both of them ought to contribute to the support and maintenance of said minor child in conformity with the North Carolina Child Support Guidelines.

23. That both the Plaintiff and the Defendant have adequate dwellings and facilities in which to maintain a minor child during the time each of them is exercising custody of or visitation privileges with said minor [child] as is hereinafter set forth.

Based in part on these uncontested findings of fact, the trial court concluded the following:

7. That both the Plaintiff and the Defendant are fit and proper persons to have and to exercise care, custody, control and supervision of the minor child, and that both the Plaintiff and the Defendant have adequate dwellings and facilities in which to look after and provide for said minor child, and that the Plaintiff and the Defendant both have income with which to contribute to the support and maintenance of said minor child.

8. That the Court determines that it is in the best interest and general welfare of the minor child . . . that the

> Plaintiff should have primary custody of said child at all
> times hereafter and that the Defendant should be
> awarded reasonable visitation privileges with said
> minor child at all times hereafter as shall be hereinafter
> set forth.

The trial court then ordered that Plaintiff have primary custody of the child, granted Defendant visitation rights, ordered Defendant to pay child support in the amount of $390.41 per month, ordered Defendant to obtain health insurance for the child within sixty days, and dismissed Defendant's counterclaim. Defendant appeals.

I.

The issues on appeal are whether: (1) evidence supports certain of the trial court's findings of fact, (2) the trial court erred in requiring Defendant to obtain health insurance for the child, and (3) the trial court required Defendant to pay too much in child support.

II.

The order we are reviewing on appeal is a child custody order.

> Under our standard of review in custody proceedings,
> "the trial court's findings of fact are conclusive on appeal
> if there is evidence to support them, even though the
> evidence might sustain findings to the contrary."
> Whether those findings of fact support the trial court's
> conclusions of law is reviewable de novo.

*Mason v. Dwinnell*, 190 N.C. App. 209, 221, 660 S.E.2d 58, 66 (2008) (citations omitted).

> The trial court's entire objective in [custody] cases is to
> determine the best environment for the child or chil-
> dren. . . . [T]hese decisions are often difficult, but even
> where parents love their children, "a parent's love must
> yield to another, if, after judicial investigation, it is
> found that the best interest of the child is subserved
> thereby." Of necessity in these cases, the trial court is
> vested with wide discretion. "[The trial court] has
> the opportunity to see the parties in person and to
> hear the witnesses, and [its] decision ought not be upset
> on appeal absent a clear showing of abuse of discre-
> tion." "[The trial court] can detect tenors, tones, and
> flavors that are lost in the bare printed record read
> months later by appellate judges."

*Surles v. Surles*, 113 N.C. App. 32, 36-37, 437 S.E.2d 661, 663 (1993) (citations omitted).

### III.

**[1]** Defendant challenges findings of fact seventeen through twenty-one, and from these challenges argues:

> [The] conclusion that it is in the child's best interest for [Plaintiff] to have primary custody was based in at least some part on the [trial court's] belief that [Defendant] had never been fully involved in his child's life as stated in the errant findings of fact 17 and 18. Because that "fact" is not actually a fact, the trial court's basis for it's [sic] conclusion is not fully founded and should be reconsidered upon remand.

Finding of fact nineteen involved a domestic violence protective order filed by Plaintiff, but subsequently dismissed by the consent of both parties. Finding of fact twenty-one is in reality a conclusion of law. Neither is relevant as a finding of fact, and we have not included them above. Concerning findings seventeen, eighteen, and twenty, although Defendant has presented some evidence contradicting some portions of these findings, Defendant's argument still fails. After careful review of the record, we hold that there is substantial evidence in support of these findings and, therefore, they are binding on appeal. *Mason*, 190 N.C. App. at 221, 660 S.E.2d at 66.

We note that Defendant makes no argument that the trial court's decision to award primary custody to Plaintiff constituted an abuse of discretion, and we shall not attempt to make Defendant's argument for him. We further hold that we find no abuse of discretion. We affirm the trial court's award of primary custody to Plaintiff, and the visitation schedule included in the custody order.

### IV.

**[2]** Defendant argues that the trial court erred in ordering him to provide medical insurance for the child. We disagree.

Specifically, Defendant argues that the trial court's order requiring Defendant to obtain health insurance for the child violated a statutory mandate. N.C. Gen. Stat. § 50-13.4(c1) (2011) directs that "the Conference of Chief District Judges shall prescribe uniform statewide presumptive guidelines for the computation of child support obligations of each parent[.]" The North Carolina Child Support

Guidelines (2011), *Health Insurance and Health Care Costs*, states in relevant part:

> The court may order either parent to obtain and maintain health (medical or medical and dental) insurance coverage for a child if it is actually and currently available to the parent at a reasonable cost. Health insurance is considered reasonable in cost if it is employment related or other group health insurance, regardless of delivery mechanism. If health insurance is not actually and currently available to a parent at a reasonable cost at the time the court orders child support, the court may enter an order requiring the parent to obtain and maintain health insurance for a child if and when the parent has access to reasonably-priced health insurance for the child.

The trial court found that Defendant's employment did not provide health insurance benefits. Defendant argues that, because his employer does not provide health insurance benefits, he cannot obtain health insurance for the child at a reasonable cost as defined in the guidelines.

First, the guidelines state: "Health insurance is considered reasonable in cost if it is employment related or other group health insurance, regardless of delivery mechanism." *Id.* Defendant makes no argument that he does not have access to "other group health insurance." Second, we do not interpret this sentence as defining the only two methods through which health insurance may be determined to be "reasonably-priced." We interpret this sentence as stating that, if a parent has access to employment-related or other group health insurance, this insurance will be considered "reasonably-priced" as a matter of law. This does not preclude the trial court from determining that some other health insurance is also reasonably priced. The custody order does not violate N.C.G.S. § 50-13.4(c1) merely because the trial court ordered Defendant to purchase health insurance for the child when Defendant did not have access to employment-related health insurance.

Defendant also argues that the trial court violated N.C. Gen. Stat. § 50-13.4(c), which states: "If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered."

Defendant argues that the trial court deviated from the guidelines by requiring him to obtain health insurance for the child even though Defendant's employer did not provide health insurance benefits. Because we hold that the trial court did not vary from the guidelines by ordering Defendant to obtain health insurance for the child even though Defendant did not have employer-funded health insurance, we also hold that the trial court did not violate N.C.G.S. § 50-13.4(c) by failing to make specific findings of fact on this matter.

Defendant does not argue that the trial court erred by failing to make sufficient findings in support of its ruling that Defendant should provide health insurance for the child. Likewise, Defendant makes no argument that any health insurance premiums he pays for the child should be factored into his child support payments. Therefore, these issues are not before us. *Belk ex rel. Belk v. Belk*, ___ N.C. App. ___, ___, 728 S.E.2d 356, 359 (2012) (arguments not made in appellant's brief are abandoned). This argument is without merit.

The dissent states Defendant does argue that "the trial court erred by failing to make specific findings of fact with regard to the availability of medical insurance." Defendant's argument concerning "specific findings of fact" was solely directed to Defendant's assertion that the trial court had deviated from the guidelines and, therefore, N.C.G.S. § 50-13.4(c) required the trial court to justify deviation from the guidelines through specific findings of fact. Because we have held that Defendant has not shown a deviation from the guidelines, the requirements of N.C.G.S. § 50-13.4(c) are inapplicable. Defendant's argument on appeal concerning the lack of findings of fact is limited to his argument concerning N.C.G.S. § 50-13.4(c), and does not apply to Defendant's argument in general. If, as the dissent states, this is the core of Defendant's argument, Defendant has failed to make this argument properly.

While it is true that the heading of Defendant's argument states that there was no evidence of the availability of reasonably priced medical insurance, the only evidence, or lack thereof, actually addressed in Defendant's argument is Defendant's testimony that he does not have employer provided health insurance. Defendant simply does not make any argument that he has no access to other reasonably-priced health insurance, and, importantly, Defendant does not argue that the trial court erred by failing to make findings concerning any other rea-sonably-priced health insurance available to Defendant. We refuse to make additional arguments for Defendant. *Belk*, ___ N.C. App. at ___, 728 S.E.2d at 359.

We agree with the statement of law concerning the trial court's duty to make the appropriate determinations and support its ruling with sufficient findings of fact, and that it is not Defendant's burden to insure that the trial court meet its duty. It is, however, Defendant's duty to comply with the North Carolina Rules of Appellate Procedure and present our Court with an argument, supported by citations to relevant law, for every issue Defendant would like our Court to address. N.C.R. App. P. 28(b)(6). We have not shifted the trial court's burden to Defendant. We are dealing with two entirely independent burdens—one at the trial level and one for appeal.

V.

[3] Defendant finally argues that the trial court erred in its calculation of the amount of child support Defendant was ordered to pay. We disagree.

Defendant's argument is that he earns $14.22 per hour and works forty hours a week—thus, Defendant earns $568.80 per week. None of these amounts are contested. However, Defendant argues that, in order to determine his gross monthly income, the $568.80 figure should be multiplied by four, because there are four weeks in a month. There are, however, more than four weeks in a month, and Defendant cites nothing in his brief to support his position. The trial court determined that Defendant's gross monthly income was $2,445.84, which is $568.80 multiplied by 4.3. Plaintiff contends that this is the common multiplier used to determine gross monthly income when gross weekly income is established. We need not address this contention because Defendant provides no support for his argument that the trial court erred in its calculation. *Belk*, ___ N.C. App. at ___, 728 S.E.2d at 359 (Rule 28 of the North Carolina Rules of Appellate Procedure requires sufficient argument to be made in support of an appellant's contention and citations in support of the argument. Failure to properly argue an issue on appeal results in abandonment of that argument.).

We further note that when Defendant's $568.80 weekly income is multiplied by the fifty-two weeks in a year, then that amount is divided by the twelve months in a year, a monthly income of $2,464.80 is derived, which is greater than Defendant's gross monthly income determined by the trial court—$2,445.84. Defendant has failed to show that the trial court erred, or that any error prejudiced him.

We again agree with the dissent that the record before us is unclear concerning exactly how the trial court reached its child sup-

REAMS v. RIGGAN

[224 N.C. App. 78 (2012)]

port amount determinations. The dissent states that "it appears Plaintiff's monthly income was calculated using a multiplier of four on a weekly income of $600." Though this seems a reasonable assumption, it is an assumption we are not free to make. It is possible, though unlikely, that the trial court applied a multiplier of 4.3 to both Plaintiff's and Defendant's monthly income. Unfortunately, the record does not indicate what multiplier the trial court applied, nor what specific monthly income the trial court settled on for either party.

The dissent also correctly points out that the record fails to indicate that the trial court properly verified the incomes of the parties through documentation. However, these issues are not argued by Defendant on appeal. Defendant makes no argument that the record is deficient, that the trial court failed to make sufficient findings of fact, that the trial court improperly calculated either party's monthly income, or that the trial court applied different formulas in calculating the parties' gross monthly incomes. Defendant does not argue that this matter should be remanded to the trial court for additional evidence or findings, or that the trial court should apply a multiplier of 4.3 to Plaintiff's monthly income. Instead, Defendant makes a number of unsupported assumptions and then argues this Court should order that his monthly child support obligation be reduced. Based upon the argument Defendant has actually made on appeal, we find it to be without merit.

Affirmed.

Judge THIGPEN concurs.

Judge BEASLEY concurs in part and dissents in part by separate opinion.

BEASLEY, Judge concurring in part and dissenting in part.

I agree with the majority with regard to the issue of custody, but respectfully dissent and would reverse and remand for further findings on the issues of medical insurance and child support.

With regard to the issue of medical insurance, the majority asserts that Defendant does not argue that the trial court erred by failing to make sufficient findings.[1] However, a careful review of

---

1. At trial, Defendant testified that "[m]y current wage at Eastern Minerals is $14.22 per hour. I make $450 per week, but benefits are not available." A summary of Defendant's testimony is included in the record pursuant to the parties' consent; therefore, this issue is preserved on appeal.

Defendant's arguments reveals that Defendant indeed argues that the trial court erred by failing to make specific findings of fact with regard to the availability of medical insurance. Defendant's overall claim is that the trial court erred by ordering him to provide medical insurance where there was no evidence that such was available. Within this argument, Defendant further alleges that the trial court was bound by the Guidelines to order that a parent provide insurance only where such insurance is available at a reasonable cost, and in order to deviate from this, that is, to order a parent to provide insurance where it is not available, specific findings are required. Defendant then states that the trial court made no such findings in this case and, instead, merely found that insurance was unavailable. This, Defendant concludes, is insufficient under the Guidelines. Thus, the core of Defendant's argument is that the trial court erred by not making sufficient findings to support its ruling.

Further, Defendant is correct in attributing error to the trial court's order. The majority concludes that the Guidelines' definition of reasonably priced health insurance "does not preclude the trial court from determining that some other health insurance is also reasonably priced" and that the burden of proving the unavailability of this "other health insurance" rests on Defendant. However, the trial court has "no authority" to make an order for the provision of health insurance unless it **first** finds that it is available at a reasonable cost. *Buncombe County. ex rel. Blair v. Jackson,* 138 N.C. App. 284, 291, 531 S.E.2d 240, 245 (2000); *see also Buncombe Cty. ex rel. Frady v. Rogers,* 148 N.C. App. 401, 404, 559 S.E.2d 227, 229 (2002)("Before ordering a party to obtain health insurance, the trial court must make the determination whether insurance is available to the party at a reasonable cost."). This precedent makes clear that the burden rests on the trial court to make these findings, not on the Defendant as the majority would place it. *Rogers,* 148 N.C. App. at 404, 559 S.E.2d at 229 ("It is the court's responsibility to make the factual finding that Defendant does or does not have access to insurance . . . [or] can procure insurance for his minor child in some other way at a reasonable cost.").

Because there is no evidence in the record that medical insurance is available at a reasonable cost to Defendant, the trial court necessarily erred under the precedent of this Court. I would reverse and remand on this issue for further findings.

The majority dismisses Defendant's argument because it finds that Defendant failed to offer support for the contention that the trial

**REAMS v. RIGGAN**

[224 N.C. App. 78 (2012)]

court should have multiplied his weekly income by four to calculate his monthly income. However, Defendant argues that the trial court erred in calculating the wages of both parties because it did not apply a consistent formula to both parties. The only reason Defendant contends the trial court should have used a multiplier of four in calculating his income was because it appears that this is how the trial court calculated Plaintiff's income. In reviewing the calculations of the court, it is clear that Defendant is correct in his allegation that the court did not apply a consistent formula. Defendant's monthly income was reached using a multiplier of 4.3, which is the formula that Plaintiff proposed as proper on the Schedule A form. However, the monthly figure reached for Plaintiff's income cannot be reached with a multiplier of 4.3, regardless of what figure one chooses from the weekly range of $500-700 Plaintiff provided. Instead, it appears Plaintiff's monthly income was calculated using a multiplier of four on a weekly income of $600. Thus, regardless of which formula is proper, the trial court failed to consistently apply a single formula and, as a consequence, the result is unfair and improper. *See Walker v. Walker*, 38 N.C. App. 226, 228, 247 S.E.2d 615, 616 (1978)(citing *Beall v. Beall*, 290 N.C. 669, 228 S.E.2d 407 (1976)("The determination of child support must be done in such way to result in fairness to all parties.").

Further, under the Guidelines, the trial court is required to verify the income of the parties through documentation. North Carolina Child Support Guidelines (2011)("Income statements of the parties should be verified through documentation of both current and past income."). Here, there is nothing on the record to show how the trial court reached the figures it did and the only earnings statements on the record came from each parties' oral testimony. Thus, it is impossible for this Court to analyze whether the trial court fairly calculated each party's income. Because the trial court failed to make any finding as to why a deviation from the Guidelines was warranted, the trial court is bound by the Guidelines. *Id.* I would reverse and remand for further findings consistent with the Guidelines.